TOWN OF JONESTOWN v. WILLIAM L. GANONG.

[52 South. 579—692.]

1. MUNICIPALITIES. *Judgments against by default. Officers' misunder-standing. Not cause for vacating.*

A judgment by default against a municipality awarding a writ of mandamus compelling the payment of a previously adjudicated debt, will not be set aside because the officers upon whom the process was served misconceived the nature and legal effect of the suit.

2. SAME. *Same. Mandamus. Code 1906, § 811. Evidences of debt filed with declaration.*

Code 1906, § 811, dispensing with writs of inquiry upon default judgments in suits upon written evidences of debt where copies thereof are filed with the declaration, has no application to a

suit for a writ of mandamus to compel a municipality to pay a judgment against it.

3. SAME. *Mandamus. Form of judgment.*

In a suit against a municipality by its corporate name for a mandamus to compel action, a judgment awarding the writ may direct action by municipal officers.

4. SAME. *Same. Taxation. Limitation on power of.*

Mandamus will not be awarded to compel the mayor and board of aldermen of a municipality to levy a tax in excess of a statutory limitation on its power of taxation.

5. SAME. *Same. Same. Assessment. Special tax. Proceedings to enforce payment.*

In a suit for mandamus to compel a municipality to pay a judgment against it, the municipal authorities not being charged with fraud:

(*a*) The court will not inquire into the valuation of the property as assessed for taxation; nor

(*b*) Order the levy of a tax solely for the payment of the judgment; but

(*c*) Will compel the issuance of a warrant on the municipal treasury to pay the judgment, direct its registration and filing with the treasurer, and give it preference over other debts payable out of the general revenue of the municipality.

FROM the circuit court of, second district, Coahoma county.

HON. SAMUEL C. COOK, Judge.

Ganong, appellee, was plaintiff in the court below; the town of Jonestown, appellant, was defendant there. From a judgment in plaintiff's favor granting a writ of mandamus the defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*J. W. Cutrer,* for appellant.

The court below erred in overruling appellant's motion to set aside the judgment entered against it in the court below, since appellant had a meritorious defense to the action. This defense was set out in the affidavit of the mayor, who was the

proper person to make it; and it was shown that it was necessary that justice might be done to both parties, that this defense be heard.

In all cases in which it is shown that a judgment by default had been entered and the ends of justice will be best promoted by setting aside such judgment the judgment will be.set aside and the defendant allowed to answer. *Porter v. Johnson,* 2 How. (Miss.) 736; *Harbaugh v. Honey Lake Land Co.,* 109 Cal. 70; *Buel v. Emerick,* 85 Cal. 116; *Roland v. Kreyenhagen,* 18 Cal. 455; *Malone v. Big Flat Mining Co.,* 93 Cal. 384; *Pummer v. Brown,* 64 Cal. 429; *Slack v. Casey,* 22 Ill. App. 412; *Mason v. McNamara,* 57 Ill. 274; *People v. Campbell,* 18 Abb. Pr. (N. Y. Sup. Ct.) 1. Where a defendant has a "substantial defense," a judgment by default should be set aside. *Burns v. Scooffy,* 98 Cal. 271; *Wolff v. Canadian, etc., R. Co.,* 89 Cal. 332; *Hitchcock v. McElrath,* 69 Cal. 634; *Vermont Marble Co. v. Black,* 38 Pac. 513.

Where there is any doubt as to the justice of the motion to open a default the trial court should decide in favor of the application. *Cameron v. Carroll,* 67 Cal. 500.

On the hearing of an application to set aside a judgment rendered by default, the only question to be considered is whether or not the judgment has been taken through the inadventure, mistake, surprise or excusable neglect of the defendant, and he is not required to make more than such a *prima facie* showing on the merits as arises from his own affidavits. The defendant is not required to prove his defense as he would on the trial, nor can his affidavit of merits be controverted. *Griswold v. Lee,* 36 Am. St. Rep. 761; *Gracier v. Weir,* 45 Cal. 53; *Francis v. Cox,* 33 Cal. 323; *Hill v. Crump,* 24 Ind. 291; *Buck v. Havens,* 40 Ind. 221; *Joernes v. LaNicca,* 75 Iowa, 705; *Hanford v. McNair,* 2 Wend. 286.

When a party makes a showing of mistake, inadvertence, surprise or excusable neglect, and applies promptly for relief, after

he has notice of the judgment, shows by his affidavit of merits that *prima facie* he has a defense, and that he makes the application in good faith, a court should not hesitate to set aside the default judgment and allow defendant to set up an answer under such terms as may be just to all parties concerned. *Security Bank v. Bank of Commonwealth,* 2 Hun, 287; *Coms v. Hollister,* 2 Hilt. 588; *Hill v. Crump,* 24 Ind. 291; *Stafford v. McMillan,* 25 Wis. 566; *Davenport v. Ferris,* 6 Johns. 131; *Talmade v. Stockholm,* 14 Johns. 342; *Packard v. Hill,* 4 Cow. 55; *Wiseland v. Shillock,* 24 Minn. 345; *Francis v. Cox,* 33 Cal. 323.

A judgment by default may be set aside by sufficient showing even though caused by a mistake which relates to a matter concerning which the party is charged with notice by law. *Jean v. Hennessy,* 74 Iowa, 348; *Lake v. Jones,* 49 Ind. 299; *Hall v. Houghton, etc., Mercantile Co.,* 60 Fed. 350; *Douglass v. Todd,* 31 Am. St. Rep. 247; *Miller v. Carr,* 58 Am. St. Rep. 180; *Griel v. Veron,* 65 N. C. 76; *French v. Evers,* 32 S. W. 211; *Taylor v. Pope,* 19 A. S. R. 530; *Bradford v. Coit,* 77 N. C. 72; *Wynne v. Prairie,* 86 N. C. 73; *Francis v. Sultan,* 86 N. C. 78; *Greer v. Reams,* 88 N. C. 197; *Burnham v. Hayes,* 58 Am. Dec. 397; *People v. Raines,* 23 Cal. 127; *Bissell v. Dean,* 3 Smith (N. Y.), 172; *Seymour v. Elmer,* 4 Smith, 199.

The petition for a writ of mandamus sets up the rendition of a judgment entered at the April term, 1905, of the lower court, for the sum of $1,346.45. The petition does not set up the date of the judgment, nor the rate of interest which the same was made to bear, so that it is impossible from the petition to state what was, at the time of the rendition of the judgment appealed from, actually the amount.

The petition further set up that the judgment of the lower court was subjected to review by this court and affirmed; but the date of the judgment and the amount of the affirmance and

the amount of the judgment upon which damages are computed is not stated, nor is the amount of such damages stated.

The petition does not set up what was the amount of costs taxed against appellant by the court below, or the amount of costs taxed against it in the supreme court.

There was no exhibit filed with the petition which made certain any of the said demands sought to be asserted against appellant. And yet, regardless of those facts, a judgment by default was rendered against appellant determining that appellant was and is indebted to appellee in the sum of $1,568.56, with interest thereon and costs in the original suit brought in the circuit court and the supreme court. This judgment was entered without the issuance of a writ of inquiry and without proof as to any of the items which went to make up the judgment.

Code 1906, § 811, provides that where the sum does not appear upon the face of the pleadings, if the defendant does not plead, an interlocutory judgment only can be taken upon which writ of inquiry will be awarded.

The record in the present case does not show the facts, and, therefore, it was erroneous to have entered final judgment, as was done by the court below.

In addition to this, no copy of the judgment which this action is based upon was filed with the declaration. Therefore, as disclosed, it was erroneous for the court below to have entered the judgment which it did in this case. *Jenkins v. Wilkerson,* 76 Miss. 368.

In the next place it will be noted that the petition in this case was and is filed against the "town of Jonestown, defendant," so that the pleadings run throughout and process was issued against the town of Jonestown. The process was served only on the mayor of the town, the municipality being the only defendant named in the petition and process.

The judgment by default recites that it was rendered against

"the said town of Jonestown on the petitioner's said prayer for the issuance of the writ of mandamus by this court, together with all costs." Thereafter the judgment proceeds to direct the issuance of a writ of mandamus, directed to the above mayor and board of aldermen of the said town of Jonestown, commanding them to pay over to the said Ganong the sum of $1,568.56, being the sum heretofore adjudged by this court to be due and payable to the said Ganong, in the cause on the docket of said court entitled "W. L. Ganong v. The Village of Jonestown," together with interest, damages and costs, as provided by law.

It will be observed that no such judgment was ever rendered in the case stated in the judgment, of if there was any such judgment rendered, that the petition for mandamus does not so state, and, therefore, there was and is a fatal variance between the pleading and the judgment. It will be observed, also, that the mayor and board of aldermen of the town of Jonestown are not made parties to the proceeding, and that in this respect also the judgment rendered discloses a fatal variance between the petition and the judgment. The appellee had no right to file a petition for mandamus against appellant.

The claim which appellee had against appellant had already been reduced to a judgment, and he was entitled to his execution against appellant and nothing more.

The only method in which the appellant could be made to respond to a judgment by satisfying it, would be by the levying of an execution upon property subject to be taken in satisfaction of the judgment. If it was sought to proceed by mandamus to enforce the payment of the judgment by requiring the levy of taxes, then the proper officers of appellant were the only persons who could legally be brought before the court and upon whom process of the court by mandamus could be made to operate.

In a proceeding of this sort, the person or body whose duty it is to perform the act sought to be enforced by mandamus, is a

necessary party respondent. In proceedings to compel the performance of a duty imposed upon a municipal corporation, the rule is to name as respondents those members of the municipal government whose duty it is to perform the acts sought to be required of the municipality. It is not necessary in all instances that the individual names of all of the officers, or the persons constituting a public body, should be named.

The proceeding to compel performance may run either against the individual officers, or in some instances, against the board by its legal name. In some jurisdictions, it is necessary that the proceedings must run against the individual member of the board and their successors, though the proceedings may be against the public officers by their official titles, without the necessity of naming them individually.

It is not fatal to the proceeding and writ that they may embrace in their terms and commands, all those whose cooperation is by law required, even by separate and successive steps in the performance of those official acts which is necessary to secure the relator his legal rights. But in each and all instances the officers themselves must be made respondents and not the corporation. 26 Cyc. 409, 417, and notes; *Board of Comm'rs v. Sellew*, 9 Otto, 624; *Board of Comm'rs Labette County v. United States ex rel. Moulton*, 112 U. S. 217.

There seems to be absolute unanimity in the authorities along the proposition advanced, that the proceedings in this instance have been improperly instituted and that the judgment is sought to be taken against persons who were never before the court, and against whom no proceeding whatever has been instituted.

It would appear that the judgment entered was erroneous, if not fatally bad, and that the court below should have set aside the judgment for the reason last stated and have given appellant an opportunity to interpose its proper defenses to the proceeding.

The action of the court below in refusing to set aside the judgment by default and making it final was erroneous, because it commanded the appellant and its officers to do things which are beyond their legal power and authority to do.

The appellant, through the mayor of the town, made an affidavit in support of the motion to set aside the judgment, that the entire real and personal property situated within the limits of the town, if taxed, even to the limit prescribed by law, would net only enough revenue to defray the expenses of the municipality for the current year.   The appellant, through its mayor, further made affidavit that he, the mayor, was mistaken as to the legal effect of the process served upon him, requiring him to appear and defend the petition for the writ of mandamus, and the record shows that no other officer of the appellant was ever notified of the pendency of the proceeding.

It is the rule that on the consideration of a motion to set aside a judgment by default the affidavit filed in support thereof shall be taken to be conclusive.

It is a further rule that the court, upon a consideration of such a motion, will not undertake to try the case on the merits; and therefore all the facts stated in the motion and supported by the affidavit must be taken to be true for the purposes of the determination of the motion.

The courts of Mississippi have no right to require any municipal corporation to levy a tax beyond the limit fixed by law upon the property therein taxable according to the laws of this state.   Can a municipality be required by mandamus to levy and collect a greater tax upon the taxable property within the municipality than that allowed and fixed by law?   In *Clay County v. United States,* 115 U. S. 616, 29 L. Ed. 482, it is held that where it is shown that the whole revenue of the county, when the property thereof is taxed to the utmost limit allowed by law, is not more than enough to meet the current expenses of the county, no additional tax can be levied to meet any other

charges, and that no part of the tax levied, where the tax levied equals the maximum allowed by law, can be required by mandamus to be applied to the payment of judgment held by a creditor, where it is shown that the judgment is for no part of the necessary yearly current expenditures.  And see *Coffin v. Davenport,* 26 Iowa, 515.

Courts cannot create a legal duty; they can only import one. Hence, they cannot by mandamus compel the levy of a tax beyond the statutory limit, whether that limit be fixed by a general statute or by a special statute.  *Supervisors v. United States,* 85 U. S. 71; *Army v. Allegany City,* 65 U. S. 364; *Beard v. Lee County,* 51 Miss. 542; *Vance v. Little Rock,* 30 Ark. 435; *Warren County v. Kline,* 51 Miss. 817; *State v. Macon,* 68 Mo. 20; *Jenkins v. Wilkerson,* 76 Miss. 368; *Lewis v. Bogue Chitto,* 76 Miss. 365.

The petition for mandamus shows that the original consideration for the indebtedness claimed arose out of the employment of the appellee by the appllant while the appellee was a municipal corporation existing under and by virtue of the act incorporating the town of Jonestown, approved by the legislature on March 6, 1880.  By section 11 of its charter it is required "that in no case shall the tax levied by the mayor and board of aldermen exceed one-fourth of one per cent."  Laws 1880, pages 463, 466.  The entire consideration for the indebtedness in question was contracted while that act was in effect.  By the subsequent provision of Code 1892, § 2926, the maximum amount allowed by law to be levied by any town was and is twelve mills on the dollar in any one year.  Code 1906, § 3317.

The limitation placed upon the taxing power of municipalities must be given as much weight as the taxing power of the board of supervisors of a county.

This is not a case of an implied power to levy a tax to meet necessary current expenses, for the reason that at the time the

debt was contracted there was a limitation upon the powers to tax which negatived the existence of any implied power of unlimited taxation; and the existence of such a necessity cannot be supposed to exist at the present time.    The services rendered by appellee to the municipalities, although they may have been necessities when rendered nearly a generation ago, are not current municipal expenses of the present day or year.    And if they were, there is still a limitation upon the taxing power of the municipality which cannot be overridden by the municipal authorities even to pay a debt of such a character.

*D. A. Scott,* for appellee.

It appears to be an undisputed fact that the appellant owes the appellee the sum for which suit was entered, and for the payment of which the writ of mandamus is sought.    There is no reason why the default judgment should be set aside or vacated.    The mayor was the proper representative of the municipality, and the mere fact that he, after the service of process upon him, neglected to have the municipality defended by an attorney or otherwise cannot be set up as any reason in law why the judgment should be vacated.    *Griswold Linseed Oil Co. v. Lee,* 36 Am. St. Rep. 761; *Francis v. Cox,* 33 Cal. 323; *Gravier v. Ware,* 45 Cal. 53.

The mere fact that the petition for mandamus did not make the judgment an exhibit to the petition, in no way invalidates the subsequent judgment of the court below.    Code 1906, § 811, does not affect the case, and has no application.    The judgment sought to be enforced is not a money judgment, but the attempt is to enforce execution of a judgment or writ of recovery.    The petition for mandamus shows what judgment the petitioner is seeking to compel the municipality to pay.    *Riggs v. Johnson County,* 6 Wall. 166, 198, 18 L. Ed. 768, 777.

Opposing counsel earnestly contends that the judgment of the court below is void because rendered against the mayor and board of aldermen, while the suit itself was instituted against

the town of Jonestown. This, however, is immaterial. See Code 1906, § 3300. Although this is not a suit for recovery of a money judgment against appellant, yet it is a suit within the intent of the law to the extent of the relief prayed for, and must be treated and dealt with accordingly. Code 1906, § 3931. See also *Mayor v. Lord,* 9 Wall. 409, 19 L. Ed. 704; *Maddox v. Graham,* 2 Metc. (Ky.) 56; *Seuter v. Madison,* 15 Wis. 39; *Pedrum v. Cleveland County,* 65 N. C. 114; *Warren Valley Stock Co. v. Smith,* 164 U. S. 26, 41 L. Ed. 621; *Leavenworth v. Kinney,* 154 U. S. 642, 25 L. Ed. 336.

It is not contended by learned counsel for the appellant that the appellant had no legal authority to contract the indebtedness and assume the obligations to pay the same, out of which this controversy arises. In as much as the appellant actually owes the debt to the appellee, it must follow as a natural consequence that the appellant has the inherent power to levy whatever rate of taxation is proper or necessary to pay off and discharge this valid and subsisting indebtedness. 28 Cyc. 1673; *City of Cleveland v. United States,* 111 Fed. 341; *United States v. Saunders,* 124 Fed. 124; *United States v. Capdeville,* 118 Fed. 809.

In *United States v. City of New Orleans,* 8 Otto, 381, 25 L. Ed. 225, Mr. Justice Field says: "It is always to be assumed in the absence of clear restrictive provisions that when the legislature grants to a city the power to create a debt, it intends that the city shall pay it, and that the payment shall not be left to its caprice or pleasure. When, therefore, the power to contract a debt is conferred it must be held that a corresponding power of providing for its payment is also conferred. The latter is implied in the grant of the former." And see *Lowell v. Boston,* 111 Mass. 460; *Commonwealth v. Allegany County,* 37 Pa. St. 277; *Hasbrouck v. Milwaukee,* 25 Wis. 122.

Legislative authorities to a municipal corporation to issue bonds carries with it by implication power to levy and collect taxes to pay the same. *Parksburg v. Brown,* 106 U. S. 487.

Where a municipality is permitted to incur indebtedness for

public improvements, and to levy a tax to pay it, not to exceed a certain percentum upon the assessed value of taxable property for each year, and there is no express provision against the special tax in the contract, such additional tax may be levied for its payment. *United States v. County Court,* 96 U. S. 211; *Quincy v. United States,* 113 U. S. 332; *People v. Collins,* 19 Wend. 56.

In the event of an affirmance, the case should be remanded with authority to the court below to so modify the judgment in respect to the time for the levy and collection of the tax as to make the writ effective for the end sought to be accomplished. *County Commissioners v. Sellew,* 9 Otto, 624, 25 L. Ed. 336.

*Tim E. Cooper,* on the same side.

The constitution of Mississippi, by section 112, provides that taxation shall be uniform and equal throughout the state, and that property shall be taxed in proportion to its value. It is too clear for argument that the scheme of the Constitution is that property shall be assessed for taxation at its true and full value; and our legislative provisions are intended to carry this scheme into effect. Code 1906, § 4281, provides that land shall be assessed according to its intrinsic value. Code 1906, § 4254, provides that each person liable to taxation shall make out and deliver to the assessor a true list of his taxable personal property with the value of each article thereof. It cannot be doubted that throughout all legislation, whether in reference to municipal taxation or that for state and county purposes, the legislature has proceeded upon the assumption that the value of property to be taxed will be fixed by public authority as provided by the Constitutional provisions.

It is true that under Code 1906, § 3415, in reference to the issuance of municipal bonds, the proportion of the indebtedness to the property of the municipality is to be fixed by the assessed valuation of the property in the municipality. But there is a

provision of law by which the municipal authorities may, if it be desired, have a separate assessment of property in the municipality. See Code, 1906; § 3421.

It is also provided by law that the mayor and board of aldermen of the city, town or village, may in September or October increase or diminish the valuation of property as assessed for taxation. The statute law manifestly means that if their property is assessed at more than its value, such assessment shall be decreased, and if it is assessed at less than its value, such property shall be increased in valuation. If therefore it should be conceded that the limitations imposed by statute upon the amount of corporate indebtedness applied at all to an indebtedness of the character sought to be collected in this case, it would still be true that it would be no sufficient answer to the writ of mandamus in this case for the municipal authorities to show that the assessed valuation of the property did not permit the levy of a sufficient tax to pay its ordinary expenses together with the debt sought to be collected, according to the assessed valuation of the property, unless that assessment is according to the true value of the property subject to taxation.

If the property of a municipality be under assessed the method by which the true assessment value should be ascertained can easily be applied.

The satisfaction of a demand against a municipality can only be secured by proceeding against the municipal officers and compelling them, by manadmus, to perform their duty under the law by levying all such necessary taxes as may he validly levied. The officers of a municipality must show that there is a legal limitation beyond which they cannot go, before their return to a writ of mandamus commanding them to provide for the payment of a debt will be considered sufficient.

If there were any limitation upon the municipal authorities as to what percentum of taxes could be levied for the payment of appellee's demand, it would devolve upon them to show that

such limit had been reached, and that there was no proceeding within their authority, as representatives of appellant, by which a sum sufficient to pay appellee could be realized.

It is not pretended in the pleadings or evidence that the property within the municipalities is assessed at its true value. Appellant does not deny that the municipal authorities having its affairs in their control, have power to make such an assessment of such property; or that such an assessment would within the legal limitation afford ample funds for the payment of the ordinary municipal expenses of the appellee's claim.

It was clearly within the competency of the mayor and board of aldermen to increase the assessed valuation of the property in the town of Jonestown, and after doing this to levy a sufficient tax within the statutory limitation for the payment of the debt due to appellee.

MAYES, C. J., delivered the opinion of the court.

On the 18th day of February, 1907, W. L. Ganong filed a petition in the circuit court of Coahoma county, praying for a mandamus against the proper officers of the town of Jonestown. The object sought to be accomplished by the proceeding was to compel the payment of a certain judgment which Ganong had obtained against the town, and which it refused and failed to pay. The substance of the petition is that the town of Jonestown is a municipal corporation, created under the laws of the state of Mississippi, and deriving its corporate powers by virtue of the general Code chapter on the subject of municipalities, being chapter 93 of the Code of 1892. The petition further alleges that at the April term, 1905, of the circuit court of the county in which the petition is filed, petitioner recovered a judgment against the town for the sum of $1,346.45. This judgment was subsequently appealed to the supreme court by the town, and the judgment was affirmed. On affirming the judgment the supreme court awarded damage on the judgment of

five per cent. on the principal and interest then due, together with all costs. The petition then alleges that no part of the judgment has been paid, and that the town steadily refuses payment, and all executions issued on the judgment have been returned *"nulla bona"* by the sheriff. The petition further alleges that petitioner has frequently and repeatedly requested the mayor and board of aldermen to levy a tax upon the real and personal property within the corporate limits of the town for the purpose of raising an amount sufficient to pay the judgment, but the mayor and board of aldermen fail and refuse to do this. The petition concludes with a prayer for a mandamus, commanding the town, through its proper officers, to pay petitioner, out of any money in their hands, the full amount due on the judgment, together with interest, damage, and costs. It further prays that, if there are not sufficient funds in possession of the town for this purpose, it be required through its legally constituted officers to levy a tax sufficient for the purpose, and that the judgment be paid as soon as this tax shall be collected. The petition further prays for such other or additional relief as the circumstances of the case may justify, and which may seem proper when the court shall have heard the cause.

On filing this petition a summons issued, directed to the sheriff of the county, commanding him to summon the town of Jonestown to answer this petition. This summons was executed on C. W. Butler, the mayor of Jonestown, on the 22d day of February, 1907. At the succeeding April term of court, the town not having answered, a judgment by default was taken, which recited as follows: "That said petitioner, W. L. Ganong, have judgment against the town of Jonestown, and that the writ of mandamus issue, directed to the mayor and board of aldermen, requiring them to pay over to Ganong the sum of $1,568.56, being the sum adjudged to be due and payable to Ganong in the case of *W. L. Ganong v. Village of Jonestown,*

together with interest, damage, and costs. In default of pay-
ment in accordance with the judgment of the court, or if it
should appear that the town of Jonestown has not in its hands,
possession, or control a sufficient amount to pay the judgment,
then the mayor and board of aldermen of the town are required
to levy a tax upon all the property situated in the corporate
limits and subject to taxation for a sum sufficient to discharge
the judgment, with interest and costs already accrued, and the
cost to accrue in this suit." And it is then directed in the judg-
ment that the sums collected as provided in the judgment shall
be applied to the discharge of the debt due petitioner. The
judgment further requires that the mayor and board of alder-
men pay this judgment on or before the 20th day of December,
1907. The judgment bears the date of the 24th day of April,
1907. On the 3rd day of May the town, through its attorney,
filed a motion to vacate the judgment, assigning therefor seven
causes. The first is that the defendant has a meritorious de-
fense; the second, that the declaration did not make the judg-
ment an exhibit to the petition, and therefore the court was
without authority to enter any judgment; the third, because
there was no writ of inquiry; the fifth, because the judgment
required the defendant to do things beyond its legal power; the
sixth, because the judgment is rendered against the board of
mayor and aldermen, and there was no suit against the board
of mayor and aldermen, but against the town of Jonestown.
We need take no note of the other causes assigned. In support
of the motion, the mayor filed an affidavit in which he states
that the mayor and board of aldermen of the town of Jonestown
were not advised of the nature of the proceedings, and believed
that this last proceeding only related to the making final of the
judgment before that time affirmed by the supreme court, and
because of this and acting on this assumption they did not pay
any attention to the suit of petitioner; that the town has a mer-
itorious defense to the action, which consists in this: That the

assessed valuation of all the real and personal property in the corporate limits liable to taxation is not more than sufficient, when taxed to the utmost allowed by law, to meet the current expenses of the municipality; that the judgment of the court requires the mayor and board of aldermen to levy taxes for the purpose of paying this judgment greatly in excess of all possible revenues of the town at the highest rate of taxation allowable by law; that the ends of justice required that they be permitted to make proof of that fact; that when the writ was served on the affiant the city had no legal representative or adviser, nor means to secure one, and has but lately been able to secure the services of the attorney to represent it.

Some testimony is taken in the case, but we do not deem it necessary to enter into any discussion of that, since, in our judgment, the case turns upon other questions which are raised in the proceedings we have set out. We may say in the outset that, so far as the application to set aside this judgment rests in any excuse offered by the mayor as a reason for permitting the judgment by default to be taken, there is no sort of merit in it. When suits are brought against municipal corporations, they are to be treated as any other litigants, and any fact which warrants the taking of a judgment by default against a private individual is warrant for the same thing when the defendant is a municipal corporation. The municipality is given authority under the law to select the officers that shall represent it. The inhabitants of a municipality are given the ballot for the purpose of allowing them to select suitable and faithful representatives, and if such representatives are not selected the fault lies with the improper use of the ballot, and the remedy must come by its rightful use. This record shows that the mayor was duly summoned, and it then became his duty to find out for what purpose he had been summoned into court; but as the city's representative he paid no attention to it, but allowed judgment to go by default. His excuse is that he thought the suit was only for

the purpose of making final the judgment previously recovered
by Ganong against the town, and on this account he asks that
it be set aside.    It was gross neglect on the part of the mayor
not to have informed himself on this subject, and his failure
can never furnish any legal reason why this judgment should
be vacated.    However meritorious may be the defense of the
town, it has lost its right to make any defense by the neglect of
its mayor, if there are no reasons for vacating this judgment
outside of the excuse offered, and this disposes of the first error
assigned.

It is next insisted that, because the petition did not make
the judgment an exhibit to the petition, the court was without
authority to enter any judgment.    Counsel for appellant cites
Code 1906, § 811, as authority for this proposition.    It is our
view that this section has no application to this case.    The
above section has application only in a case where it is sought
to recover a money judgment.    Where the sum does not appear
in the pleadings, then a writ of inquiry is made necessary after
judgment by default.    But in this case the judgment sought is
not a money judgment, but the enforcement of one already re-
covered.    The petition shows what judgment it is that petitioner
is seeking to compel the municipality to pay.    A reference to
the record of that judgment specifically fixes the amount, and if
the mayor and board of aldermen answer the mandate of the
court with a certificate showing that they have paid the judg-
ment, interest, and costs, to enforce which this suit is brought,
they will show compliance with the court's order.    It is true
that the judgment of the court in the mandamus proceeds to
specify the amount to be paid; but this is mere useless verbiage
placed in the judgment, and may be so treated.    The thing
sought to be done by the petition, and the duty directed by the
court to be performed by the mayor and board of aldermen, is
the payment of the judgment recovered by Ganong against the

town of Jonestown.   This disposes of the second and third contention of counsel for appellant.

It is next contended that the judgment is void because it is rendered against the mayor and board of aldermen, when in truth the suit was against the town of Jonestown.   It is quite true that this suit is styled *"W. L. Ganong v. Town of Jonestown;"* but the prayer of the petition is that the town of Jonestown, through its proper officers, be required to do the things sought to be accomplished by the mandamus proceeding.   The town of Jonestown cannot act, except through its municipal authorities, and any command addressed to it in any other manner than through its officers could have no compulsory force. It may be sued by its corporate name.   Section 3931 provides that in suits against municipalities summons shall be executed on the mayor or municipal clerk, and the same section makes it the duty of such officer to give notice of the suit to the board, and on failure to do so he is liable on his bond for all damage caused by any such failure.   These sections apply to every kind of suit which may be instituted against a municipality, whether in tort, on contract, or in mandamus proceedings, and all are just as much parties, in their official capacity, as if each had been named in the proceeding.   These statutes expressly make them parties when the requirements of the statute have been complied with.   It was the town of Jonestown that Ganong was seeking to make pay this debt, not the individual members of the board.   The members of the board unofficially had no concern about this claim.   Being the town of Jonestown that Ganong sought to compel to pay the judgment, he instituted proceedings against the town as the statute required, and after service of summons on the mayor all proper authorities of the town became parties thereto and subject to any order or judgment made by the court.   See, *Mayor v. Lord,* 9 Wall. 409, 19 L. Ed. 704.

We now come to the most serious contention in the case. The judgment rendered by the trial court commanded the mayor and board of aldermen to pay the judgment; but it further directed that, if there was not a sufficient amount on hand to pay the judgment, then the mayor and board of aldermen are directed to levy a tax on all the property in the municipality in an amount sufficient to pay off the judgment. There is an affidavit in the record to the effect that the taxable value of all the property in the town is not more than sufficient to pay the current expenses, and that to obey the judgment of the court would compel the levying of a tax forbidden by law. It appears that our statute (Code 1906, § 3317) fixes the limit of taxation for municipalities, and it seems well settled that a mandamus cannot be issued to compel the levy of a tax beyond the statutory limit. This proceeds upon the idea that the courts cannot create, but they can only enforce, a legal duty. All contracts with municipalities must be made with reference to their legal power to raise revenue wherewith to pay their obligations, and all judgments recovered against a municipality have written into them the law subservient to which the municipality owes its legal existence. *Beard v. Board of Supervisors,* 51 Miss. 542. And see note on page 706 of 19 L. Ed., in case of *Mayor v. Lord.* It will be borne in mind that there is no allegation in the petition that the mayor and board of aldermen are guilty of fraud in refusing to have the property of the town assessed, or that they have fraudulently assessed the property at a valuation so low as to defeat, and for the purpose of defeating, the collection of petitioner's claim; and, this being the case, we do not think that the court had any power to inquire into the valuation of property listed and approved for assessment by the municipal authorities, or to order the levying of any tax solely for the purpose of paying this debt. If the authorities refused to assess at all, or fraudulently assess, and it is so alleged, a different question would arise. We speak in reference to this

claim which is payable out of the general revenues of the town.

We cannot accede to the contention that a municipality may defeat a judgment by consuming all its revenues for general municipal purposes for current expenses. Like individuals, the municipalities must meet their just debts. When the state incorporates municipalities, and gives them the extensive and important powers which are found in their charters, giving to them the right to make contracts and vesting in them important powers of government, the faith of the state is pledged to individuals dealing with them that the state will afford a remedy to compel payment of their just debts. In this case there is the judgment of a court, which is the highest evidence of the justice of the claim, and the courts will not permit municipalities to set at defiance their decrees. In the case of *Evans v. Pittsburg,* Fed. Cas. No. 4,567, it is said: "The great multiplication of corporations of modern times, the readiness of legislatures in conferring on them most extensive and dangerous powers, demand of the courts the most liberal application of the remedy by mandamus to prevent a failure of justice." Again in the same case it is said: "Cities are often possessed of stock and other property, not devoted to special public use, which might well be levied on to satisfy a judgment against it. But where a city has no such property (as in this case), and its officers obstinately refuse to satisfy a claim which courts of justice have pronounced to be legal and just, there will be an entire failure of justice unless this remedial writ of mandamus be issued and enforced by the court whose judgment is publicly set at defiance. States claiming sovereign or equal sovereign powers may repudiate their contracts if they are content to abide the scorn of the civilized world, because there is no superior with power to compel obedience. But this sovereign right to defraud makes no part of the privileges or immunities granted by the charters of city corporations. They are subject to the laws as much as private corporations or individuals, and where the court has

adjudged that they shall pay a sum of money due on their contracts, it is bound to find a remedy for the party aggrieved by their refusal." The judgment of the court in favor of Ganong is itself an appropriation of enough of the general revenues of the town to pay the judgment. On the hearing the trial court should have required the municipal authorities to issue a warrant in payment of the judgment, as required by Code 1906, § 3379, and should then have directed that this warrant be filed with the treasurer, and have priority from the date of filing over all other debts payable out of the general revenue of the town. No express provision is to be found in the statute as to the manner in which municipaities shall pay their obligations when warrants are issued, where there is not a sufficient fund to pay all warrants; but Code 1906, § 338, applying to boards of supervisors, makes it the duty of the clerk to register all warrants issued by the board, and they are to be paid in the order of registration, unless there is sufficient money to pay all warrants. Thus we see that the law contemplates priority, and it is to be applied by the remedial writ of mandamus to municipalities as well as to counties, when without it the writ would prove futile.

We may say that it appears from this record that the town of Jonestown has owed this debt for more than fifteen years, that it has recognized the validity of the claim under the sanction of its official action more than once, and surely justice demands that this long delayed creditor find some remedy in the law to compel the liquidation of this claim. We reverse the judgment and remand this case, with directions to the trial court to require the municipal authorities to issue a warrant in satisfaction of this debt, and when the warrant so issued is filed it shall take precedence of all other claims, payable from the general revenues, from the date of its filing.

*Reversed and remanded.*

## SUGGESTION OF ERROR.

'After the delivery of the foregoing opinion counsel for the appellee presented an elaborate suggestion of error.

MAYES, C. J., delivered the opinion of the court in response to the suggestion of error:—

This case was most carefully considered by the court on its original hearing. A suggestion of error now filed challenges our attention a second time. We find no new argument in the suggestion of error. This case is somewhat novel in the jurisprudence of the state, but every question was given careful thought. The whole proposition involved may be summed up by this statement: That the real question is whether or not the courts of this state have the power to make effective their judgments, when against a municipality. We answer this proposition in the affirmative.

Counsel filing the suggestion of error calls our attention to Code 1906, § 3333, as a statutory inhibition on the power of the municipal authorities to draw a warrant in excess of the amount of funds on hand in the treasury at the time. This statute is a successful barrier to the municipal action, but does not affect the power of the court to make effective its judgment. The statute has no sort of application in this controversy. Let us consider it for a moment. It first provides that the mayor and board of aldermen shall have the power "to appropriate money and provide for the current expenses of the municipality." It then provides that "an indebtedness shall not be incurred nor a warrant be drawn on the treasurer in payment of any indebtedness to exceed the amount of funds on hand in the treasury at the time." This section applies to voluntary municipal action alone. Its design is to protect the municipality from the improvidence and extravagance of the municipal authorities, but it is no limitation on the compulsory power of the

courts to make effective their judgments. In this case there is no attempt on the part of the municipal officers to provide for any current expenses, nor to incur an indebtedness or draw a warrant on the treasury, save as directed by the court's order to compel justice to be done. If the authorities of a municipality have no power to make a debt, the inhabitants will be protected from any unauthorized act in an excess of power; but when the debt is a binding obligation a municipality, like any other creditor, must pay the debt if it has the property so to do, although some inconvenience may be suffered thereby.

We thoroughly discussed all these questions in the original opinion. The municipal officers of the town of Jonestown, as such, are all parties to this proceeding. The statute makes them parties under the facts of this case, and there is nothing in the suggestion that the clerk is not a party, and therefore the judgment of the court cannot operate on him.

There is a motion in the cause for judgment here, and on reviewing the entire record we can see no reason why this motion should not be sustained. It is therefore ordered by the court that the suggestion of error be overruled; that the former order of the court remanding the case be vacated, and a judgment entered here in accordance with this opinion, after the clerk shall have calculated the amount due under the judgment; and the former order of the court reviewing the trial court be as was directed in the original opinion.

*Suggestion of error overruled.*