## CITY OF MERIDIAN VS. JAMES M. TRUSSELL.

1. SUIT AGAINST A CITY:   *Service on mayor.*
A summons executed "by delivering to E., mayor, etc., a true copy," is a sufficient return to warrant a judgment by default against the city, without evidence *aliunde* that the person named in the return was in fact mayor.

2. JUDGMENT BY DEFAULT:   *Case in judgment.*
On the 17th of May judgment by default was rendered against the city. On the following day a motion was made to set it aside. In support of the motion the affidavit of E. was filed, stating that the summons was never served on him while mayor; also the affidavit of S., then mayor, that he had never heard of the case until it was called on the 17th of May, when judgment by default was taken, and that the city had a good and substantial defense to the action. The affidavit of the sheriff in support of his return was also filed.

This motion was denied. *Held*, that under the circumstances, as disclosed by the record, this refusal to set aside the judgment and allow the city to plead was wanton, arbitrary, and erroneous.

ERROR to the Circuit Court of *Lauderdale* County.

Hon. ROBERT LEACHMAN, Judge.

The only material facts in the case appear in the opinion of the court.

It is assigned as error:

1. It was error to render judgment by default without proof that E. V. Early was mayor of the city of Meridian at the time the process purports to have been served upon him.

2. It was error to refuse to set aside the judgment and allow the defendant to plead to the action.

*Hamm & Fewell*, for plaintiff in error.

*Green & Potter*, for defendant in error.

CAMPBELL, J., delivered the opinion of the court.

Defendant in error sued the city of Meridian in ejectment. Summons was returned by the sheriff, executed, " by delivering to E. V. Early, mayor of the city of Meridian, a true copy of the same, this 11th November, 1874." At the May term, A. D., 1875, a judgment by default was taken on the 17th May. Early had ceased to be mayor, and Shearer had become such. On the 18th of May a motion was made by the city authorities to set aside the judgment by default, rendered the day before, and to set aside and vacate the return of the sheriff on the summons. In support of the motion an affidavit of E. V. Early, that the summons had not been served on him while mayor, was filed, and an affidavit of Shearer, that he had not heard of the action of ejectment until the call of the case on the 17th May, when judgment by default was rendered, and that he believed the city had a good and substantial defense to the action. An affidavit of the sheriff in support of his return on the summons was filed. The motion was refused, and this is the error complained of here. We are unwilling to follow the supreme court of Alabama in its decis-

ions, cited by counsel for plaintiff in error, that a return of service of summons on the mayor was not sufficient to authorize a judgment by default without evidence *aliunde* that the person named in the return was in fact mayor.

The court did right to refuse to set aside the return indorsed by the sheriff on the summons, but we are unable to perceive on what just ground the court refused to set aside the judgment by default. Looking at the circumstances disclosed by the record, this refusal appears to have been wanton, arbitrary, and erroneous; wherefore the judgment is reversed, and cause remanded, with leave to defendant below to plead to the action.