BENEDICT, RESPONDENT, *v.* SPENDIFF, APPELLANT.

JUDGMENT BY DEFAULT—*Excusable neglect.*—Where a motion to open a default was made on the same day it was taken, and was supported by an affidavit showing that the defendant was sued in his official capacity as sheriff, and that on the day after the service of the summons was injured in the discharge of an official duty, by reason whereof he inadvertently neglected to employ counsel, and the answer tendered alleged a good defense; *held,* that under section 116, Code of Civil Procedure, the neglect was excusable and the default should be set aside.

*Appeal from Third Judicial District, Yellowstone County.*

A motion to open the default was denied by LIDDELL, J.

*O. F. Goddard,* for Appellant.

The matter of setting aside or refusing to set aside a default rests much in the discretion of the court below; yet the discretion is not a mental discretion to be exercised *ex gratia,* but is a legal discretion, to be exercised in conformity with law. (*Bailey* v. *Taaffe,* 29 Cal. 423.) As a general rule, when the circumstances are such as to lead the court to hesitate upon a motion to open a default, it is better to decide in favor of the applicant. (*Watson* v. *San Francisco & Humboldt Bay R. R. Co.* 41 Cal. 17; *Reidy* v. *Scott,* 53 Cal. 69; *Roland* v. *Kreyenhagen,* 18 Cal. 455.)

*Turner & Burleigh,* for Respondent.

The application of the appellant in the court below to open the default was without merit, and showed culpable negligence on his part, from which the court could not relieve him without an abuse of its discretion. (*Donnelly* v. *Clark,* 6 Mont. 135; *Whiteside* v. *Lebcher,* 7 Mont. 373; *Bailey* v. *Taaffe,* 29 Cal. 423; *Nickerson* v. *Cal. Raisin Co.* 61 Cal. 268; *Elliott* v. *Shaw,* 16 Cal. 378; *Whipley* v. *Flower,* 6 Cal. 632.

DE WOLFE, J.— Appeal from a judgment of the Third District Court rendered against the defendant on default. The record shows that the defendant was served, or admitted service of summons, on the third day of April, 1889; and failing to answer or demur to the complaint within the time allowed by law, the 15th of the month, plaintiff took a default and judgment against him. On the same day the defendant filed a motion and affidavit to open the default. The affidavit alleges that the defendant was the sheriff of Yellowstone County, and while in the discharge of his official duties, on the day following the service of summons, received some personal injuries while crossing a ferry, and by reason thereof inadvertently neglected to engage counsel in the suit against him. The affidavit also shows that the suit was against him, in his official capacity as sheriff, for levying upon and selling certain personal property claimed by plaintiff. In the answer which the defendant tendered, and

which is contained in the record (whether properly or not we do not say), the ownership of the plaintiff of the property is denied; and it is therein alleged that at the time of seizure and sale it belonged to D. A. Benedict, the husband of plaintiff, and that it was sold under execution issued against him. The affidavit and answer, if true, set up a complete defense to the cause of action sued upon. The court, however, refused to set aside the default, and rendered judgment against defendant for three hundred and forty-five dollars. To review this action of the court, this appeal has been taken.

From the dates recited it will be seen that there was no neglect or delay on the part of the defendant in moving to set aside the default immediately after it was entered. The motion and affidavit for this purpose were made on the same day of the default, while the answer was prepared and tendered a day or two later. We have, then, only to consider whether the defendant, upon the showing made, was entitled to the indulgence asked in having the default set aside. Questions of this kind must be decided from the facts of each case; the aim being to grant the relief where the neglect or inadvertence was unintentional or excusable, and where diligence is shown in correcting the error, and to withhold it when it proceeds from carelessness or indifference. A party in default who avails himself of the earliest opportunity to correct his mistake is certainly entitled to more consideration from the court than one who delays applying for relief, as well after as before the mistake is known. The law in this as in other particulars favors the vigilant. It is impossible to lay down any precise rule on the subject, and the authorities do not attempt to do so. The statute itself furnishes as safe a rule as can be formulated when it says: "The court may . . . . upon such terms as may be just, and on payment of costs, relieve a party or his legal representatives from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." (Code, § 116.) If we apply the rule thus laid down to the facts set forth in the affidavit of defendant, it would seem that such a showing was made as entitled the defendant to have the default set aside, and to permit him to interpose the defense set up in his answer. We are aware that decisions can be found sustaining and reversing

the action of trial courts on questions of this kind; but from these decisions no exact rule can be deduced. In the case of *Watson* v. *San Francisco etc. R. R. Co.* 41 Cal. 20, the court says: "As a general rule, however, in cases where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application."

The above, we think, recites the correct principle which should guide courts on a question of this kind. We are referred to the cases of *Whiteside* v. *Logan*, 7 Mont. 373, and *Donnelly* v. *Clark*, 6 Mont. 135, as holding that the action of the trial court should not be reversed on a question of this kind, unless there was a manifest abuse of discretion. The principle we do not deny, but the facts in both those cases were so unlike the present that the decisions are inapplicable as authority. We think there was an abuse of discretion on the part of the court in refusing to set aside the default on the showing made in this case, and for this reason the judgment is reversed, and cause remanded, with directions to the District Court to set aside the default, and admit the defendant to answer.

Judgment reversed.

BLAKE, C. J., concurs.    BACH, J., expresses no opinion.