SOUTHWESTERN SURETY INS. CO. *v.* TREADWAY.

[74 South. 143, Division A.]

1. JUDGMENT. *Negligence of attorney. Failure to appear.*

A client is bound by the negligence of his attorney in failing to appear when duly summoned by the court.

2. JUDGMENT. *Setting aside default. Affidavit of defense. Sufficiency.*

Where a judgment by default on an accident insurance policy was taken and defendant made a motion to set the same aside, an affidavit for the defense stating that it had a meritorious defense and that insured was the aggressor in the difficulty in which he was killed and that consequently his death was not affected through accidental means, was sufficient for the purposes of the motion.

3. JUDGMENT. *Setting aside default. Discretion of court.*
    While a large discretion rests with the circuit judge in dealing with motions to set aside default judgments still no fixed and iron clad rule can safely be adopted, but the court must look to the facts of the particular case, the rule in this state is that a motion to set aside a judgment, supported by an affidavit of meritorious defense, should be granted where the opportunity for a trial at the same term of court has not been lost.

4. SETTING ASIDE DEFAULT JUDGMENT. *Intention to appear. Mistake.*
    Where a judgment by default was rendered against a foreign insurance company which intended to appear and make a *bona fide* defense but through the mistake of its counsel failed to do so, and which filed a proper motion and affidavit to set aside the judgment within a few hours after it was rendered and while a trial of the case could be had at the same term. In such case the motion should have been sustained.

5. SAME.
    If it appears that defendant had been duly summoned to appear at a certain day to defend a suit against him, and he treated the summons or process of the court with indifference and he intended, for any fancied reason known to himself, not to appear, and does not appear, thus intentionally ignoring the process of the court, a judgment by default taken in such case will not be set aside.

6. SETTING ASIDE DEFAULT JUDGMENT. *Reasonable doubt.*
    Where there is a reasonable doubt as to whether or not a default judgment should be vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits.

7. SETTING ASIDE DEFAULT JUDGMENT. *Affidavit by attorney. Statute.*
    Under Code 1906, section 1011, so providing, any necessary affidavit made by the attorney of record is as effectual as the affidavit of the party.

APPEAL from the circuit court of Washington county. HON. F. E. EVERETT, Judge.

Suit by Mrs. Ola R. Treadway against the Southwestern Surety Insurance Company. From a judgment overruling defendant's motion to set aside a default judgment, it appeals.

The facts are fully stated in the opinion of the court.

*Percy & Percy,* for appellant.

*Brunini, Hirsch & Griffith,* for appellee.

HOLDEN; J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Washington county, overruling a motion to set aside a judgment by default for six thousand, one hundred sixty-eight dollars and seventy-five cents entered in favor of the appellee, Ola R. Treadway, against the appellant, the Southwestern Surety Insurance Company, a foreign corporation. The appellee filed her declaration based on an accident insurance policy issued to her husband, Chas. S. Treadway, by the defendant company, seeking to recover six thousand dollars, the amount named in the policy, for the death of her husband. Summons was duly issued and served on the defendant on the 5th of April, 1915, and on the 9th day of June, 1915, the cause having been set for trial on that date the case was called, and no plea having been filed by the defendant and no appearance of the defendant being made by counsel or otherwise, the plaintiff took a judgment by default against the defendant, appellant here, for sum of six thousand one hundred sixty-eight dollars and seventy-five cents.

A few hours after the rendition of the judgment the appellant heard of the rendition of the judgment, and immediately proceeded through counsel to bring the matter to the attention of the court by filing a motion and affidavit to set aside the judgment, open the case, and hear it on its merits. This motion to set aside the default judgment was made during the same day that the judgment was taken, and within a few hours after its rendition, and was made before the default judgment had been entered upon the minutes of the court. The term of court had not ended, but was to continue for at least another week. The motion to set aside the judgment was promptly brought to the attention of the counsel

for appellee, and he appeared and contested the motion. The witnesses were still within the jurisdiction of the court and could have appeared and testified had a trial on the merits been granted to appellant.

The motion and affidavit filed by the appellant, seeking to have the judgment set aside, states, in substance, that the appellant was a nonresident insurance corporation, with its principal office in Denison, Tex.; that it had only been apprised in the last few hours of the fact that a judgment by default had been rendered against it in this cause, and that the defendant had intended and directed its chief attorney, E. V. Mitchell, to arrange for a defense of said suit; that owing to the absence of said Mitchell from his office, on account of the press of business, the matter was overlooked by the appellant; and that the judgment was allowed without the knowledge of appellant. The appellant alleged that it had a meritorious defense to the suit, claiming that the suit was upon an accident policy, and that it was informed and believed that the proper proof could be made that the deceased assured was the aggressor in the difficulty which resulted in his death, and that, consequently, his death was not effected through accidental means.

The appellant also offered to be taxed with all costs incurred up to date or suffer any other reasonable punishment imposed by the court for its failure to appear in court as it wanted and intended to do, and that it was ready for trial at the same term of court; that the application to open the judgment was not made for the purpose of delay, but that a trial on the merits might be had, and could be had, at that term, and that it had a meritorious defense; that it had intended to employ Percy & Percy, local attorneys, to represent it in the suit, and was depending upon its attorney, the said Mitchell, to make the arrangements for the employment of said local counsel to defend the case.

The appellee here contends that the judgment of the lower court denying the motion to set aside the judgment

by default was correct and proper. It appears from the record that the appellant insurance company was duly served with process through its local agent, and that its chief attorney, Mitchell, had corresponded with the attorneys of appellee regarding a settlement of the claim under the accident policy, and that he knew that the case was set for trial on the 9th of June, the day it was called. The correspondence, copies of which are in the record, shows that the attorney for the appellant had full knowledge of the pendency of the suit, and also had notice of the date set for the trial of it. It also appears that the local resident agent of the appellant, Mr. Wheatley, was subpœnaed as a witness on the 3d day of June, 1915, to appear as a witness in the case on the 9th of June, the day it was called, but that no one appeared or represented the defendant insurance company when the case was called.

It is shown that the affidavit and motion to vacate the judgment was made by the attorneys, Percy & Percy, on information and belief, and that the affidavit and motion alleged that the insurance company had a meritorious defense to the cause of action did not specifically set out the defense to be relied upon, but stated, in general terms, in effect, that the defense was that the insured did not meet his death by accidental means within the terms of the insurance policy. It is also to be observed that the excuse offered by the appellant insurance company for its failure to appear when the case was called was based on the fact that it was relying upon its general counsel to appear and look after the case or to secure local counsel to do so for it, and that the failure to appear was simply on account of the attorney Mitchell forgetting or overlooking the date when the case would be called for trial, on account of a press of business in his office.

The question presented to us for decision is, whether or not, under the facts as disclosed by the record in this case, the lower court should have set aside the default judgment and permitted a trial on the merits.

The question is rather difficult to decide under the facts here, in view of the different elastic rules governing in such cases in the United States. After an examination of the authorities in other states, we think the correct rule is that the client is bound by the negligence of the attorney in failing to appear when duly summoned by the court. The neglect of the attorney, generally, is the neglect of the client; but the question here is, whether or not the lower court properly and justly exercised its discretion in refusing to set aside the default judgment upon the showing made below by the appellant.

Now, let us see upon what ground the lower court was asked to set aside this default judgment. It appears that the insurance company was a corporation domiciled in another state, and that it had been duly served with process to appear and defend the suit of appellee; that appellant placed the matter in the hands of its general attorney who, by correspondence, undertook to adjust the claim before the trial day. But no settlement was reached, and it seems that the firm of Percy & Percy, attorneys at Greenville, were written to with a view of retaining them to represent the appellant in the case, but, for some reason which does not clearly appear, employment was not agreed upon before the trial day, but the insurance company thought that its general attorney was making the proper arraignement for local counsel to represent it in the case at Greenville.

It is shown that Attorney Mitchell, on account of the press of the business in his office at Denison, Tex., overlooked, or, to state it plainly, simply forgot to appear on the day set for trial, either in person or by securing local counsel to do so for him. When the judgment by default was taken on the morning of the day set for the trial, the agent at Greenville, Mr. Wheatley, accidentally heard of the judgment having been rendered, and he immediately communicated by wire with the insurance company, informing it that the judgment had been taken by default, and the insurance company immediately, by

wire and telephone, secured local counsel, Percy & Percy, and informed them of the circumstances under which the failure to appear and defend the suit had occurred, and instructed Percy & Percy to proceed in a legal manner to make these facts known to the court by a proper proceeding and have the default judgment set aside, and obtain a trial on the merits of the case, claiming that they had a meritorious defense to the cause of action. Whereupon, on the same day that the default judgment was obtained, and within a few hours thereafter, and even before the default judgment had been entered upon the minutes of the court, Percy & Percy, counsel for the appellant, filed the motion and affidavit setting up the facts as related above, and asking the court to set aside the default judgment and hear the case upon its merits at that term of court, which term would continue for at least one week longer. The appellant offered to pay the cost of court incurred up to date, or suffer any other reasonable penalty imposed by the court as is usual in such cases.

It appears that there would have been no difficulty in trying the case on its merits at that term of court, as the witnesses were near at hand; that counsel for the appellee, plaintiff below, was present at the hearing of the motion; and that no injury, prejudice, or delay could result to the appellee, but that a speedy trial would be had upon the merits if the default judgment were vacated. With the above state of facts before the circuit judge, the motion to open the default judgment was overruled, from which action of the court the insurance company prosecutes this appeal.

The appellee contends here that the lower court did not abuse its discretion in denying the motion to set aside the default judgment, but that under the facts in the record the lower court acted properly and was fully warranted in the exercise of its discretion in denying the motion. Appellee also contends that the motion of the appellant did not show a meritorious defense to the cause of action, and that what it set up as a defense, to wit,

''that the insured was the aggressor in the difficulty which resulted in his death upon which the suit is predicated, such death under the circumstances not being within the purview of the policy,'' would not be a defense to this character of suit, and contending that the death, under such circumstances, is accidental or unexpected and would be covered by the accident insurance policy, and that the affidavit of merits should have been made by the appellant, and not by its attorneys on information and belief.

In the case before us, in considering the question of the merits of the defense, we are not prepared to say now that the defense set up is not a good (*prima facie*) defense, or that it is a defense which, if proven, might not raise a question as to liability, to be determined by a jury.

It seems that the rule in this state, as far back as *Porter* v. *Johnson,* 2 How. 736, and *Fore* v. *Folsom,* 4 How. 282, is that a motion to set aside a judgment, supported by an affidavit of meritorious defense, should be granted where the opportunity for a trial at the same term of court has not been lost. *Meridian* v. *Trussell,* 52 Miss., 711.

We realize the importance of the enforcement of the rules of procedure and practice in the courts, and that the law favors the diligent and is against the careless; and we appreciate the fact that the large discretion resting with the circuit judge in dealing with such questions before him should not be encroached upon, restricted, nor considered abused, unless it manifestly appears that the discretion exercised in any particular case was wrongful and resulted in injustice to a litigant. We do not think any fixed, ironclad rule can be safely adopted with reference to the setting aside of default judgments, but that the courts must look to the facts of the particular case, and if from the whole record the court can reasonably say that justice and right demand that the default judgment should be set aside and a trial had upon the merits,

it should be done, and thereby bring about a result by trial on the merits of the controversy between the parties.

Courts are instituted primarily for the purpose of determining disputes and controversies between litigants upon the merits of the case, and much liberality should be allowed toward that end. Of course, rules governing the practice and procedure in the courts must be established and maintained in order to bring about efficient and prompt administration of justice, and when such rules are violated by litigants, in failing to appear and defend at the proper time when duly summoned, there should be proper and reasonable punishment for such negligence on the part of the litigant.

But we think that where a judgment by default is obtained against a defendant, who by mere inadvertence or mistake failed to appear when the case was called, and he appears within a few hours thereafter on the same day, and before judgment has been entered upon the minutes of the court, and by proper motion and affidavit seeks to have the judgment set aside and granted a trial on the merits, at the same term of court, and the judgment could be set aside and a trial had at that term of court without material injury or prejudice to the plaintiff, it is error to refuse to set aside the judgment and award a trial upon the merits. A reasonable rule in such cases would be, that where the defendant is duly summoned and fails to appear on account of mere mistake or inadvertance, and it can be said that he intended in good faith to appear and make a *bona fide* defense, then the default judgment should be set aside, if a proper motion and affidavit is filed within a few hours, or other reasonable time, after the rendition of the judgment at the same term of court, and trial on the merits can be had at that term without substantial injury or prejudice to the opposing party.

And so, on the other hand, if it appears that the defendant was duly summoned to appear on a certain day to defend a suit against him, and he treated the summons

or process of the court with indifference, and he intended, for any fancied reason known to himself, not to appear, and does not appear, thus intentionally ignoring the process of the court; or was guilty of gross neglect amounting to willfulness, in that case we think he would have no valid excuse to offer the court to justify it in vacating a default judgment and granting a trial on the merits. It seems to us that the line of distinction lies between the act of the defendant in failing to appear intentionally or by indifference or through gross neglect tantamount to willfulness, and his failing to appear by mere mistake or inadvertence, intending in good faith to observe the process of the court and appear and defend the suit.

Counsel for appellee cite a large number of authorities which more or less sustain their contention according to the rules of courts in other states, some of which are governed by statute; but, after all, these decisions depend upon the facts in each particular case, and must rest upon sound discretion and justice, as to whether or not the discretion of the trial judge was properly exercised in the particular case.

Counsel for appellee cite the case of *Jonestown* v. *Ganong*, 97 Miss. 67, 52 So. 579, 692, and contend that the decision in that case should settle the question here in favor of appellee. We cannot agree with counsel in this contention, for the reason that the decision in that case is founded upon a different state of facts from the case before us. In that case the defendant was duly summoned to appear and defend the suit against him, but he failed to appear, and made no effort to respond to the process of the court, but intentionally failed and refused to appear, because of his mistaken view of the case, fully knowing the day of the trial, and intentionally absenting himself from the trial of the case. Besides this, the motion to set aside the judgment in that case was not promptly filed on the same day that the judgment was obtained. But regardless of that distinguishing feature, we think the conduct of the defendant in that case was entirely

different from that of the appellant here, and the decision rests on a different ground.   We here quote a part of that decision, showing how the court viewed the case:

"This record shows that the mayor was duly summoned, and it then became his duty to find out for what purpose he had been summoned into court; but as the city's representative he paid no attention to it, but allowed judgment to go by default.   His excuse is that he thought the suit was only for the purpose of making final the judgment previously recovered by Ganong against the town, and on this account he asks that it be set aside.   It was gross neglect on the part of the mayor not to have informed himself on this subject, and his failure can never furnish any legal reason why this judgment should be vacated. However meritorious may be the defense of the town, it has lost its right to make any defense by the neglect of its mayor, if there are no reasons for vacating this judgment outside of the excuse offered, and this disposes of the first error assigned."

From a careful perusal of the above decision it will plainly be seen that the defendant in that case was guilty of gross neglect tantamount to wilfullness, and intentionally absented himself from the trial, acting under a misapprehension of the character of the case, and treated with indifference the process of the court commanding him to appear and defend the suit.   In the case before us now there was no such indifference on the part of the appellant insurance company, nor did the appellant intentionally or wilfully refuse to obey the process of the court and absent himself therefrom, but it appears that appellant had a *bona fide* intention to appear and defend the case, and by oversight and inadvertence failed to do so.

Where there is a reasonable doubt as to whether or not a default judgment should be vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits.

While the courts should adhere to the rule that a party who has suffered a default ought not to have relief except

upon showing a substantial excuse for his apparent neglect because the adverse party is *prima facie* justly entitled to the advantage which he has secured by the default, yet they should not indulge in refined distinctions or assign importance to matters of form, which might result in a denial of justice. Each case must be determined upon its own facts; and when the motion is made promptly and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion. *Benedict* v. *Spendiff*, 9 Mont. 85, 22 Pac. 500; *Morse* v. *Callantine*, 19 Mont. 87, 47 Pac. 635; *Eakins* v. *Kemper*, 21 Mont. 160, 53 Pac. 310." *Nash* v. *Treat et al.*, 45 Mont. 250, 122 Pac. 745, Ann. Cas. 1913E, 751.

The following restatement is from the note to *Peterson* v. *Koch*, 110 Iowa, 19, 81 N. W. 160, 80 Am. St. Rep. 261:

"Although a wide discretion is vested in courts to set aside or vacate judgments because of the neglect, misconduct, or inadvertence of counsel employed in the case, the general rule undoubtedly is that the neglect of the attorney is the neglect of the client, and that no mistake, inadvertence, or neglect attributable to an attorney can be successfully used as a ground for relief, unless it would have been excusable if attributable to client. The acts and omissions of the attorney in such case are those of the client. . . . Many cases are found, however, where the failure of the attorney employed to attend the trial caused by his inadvertence, mistake, or engagement elsewhere at the time, or his absence from some other cause, has been considered by the court sufficient ground for reopening the judgment rendered by default because of such absence. In such case, though the attorney may have been guilty of neglect, such neglect has been excused on various grounds."

Any necessary affidavit made by the attorney of record is as effectual as the affidavit of the party. Section 1011, Code 1906.

In view of these conclusions we hold that the lower court erred in refusing to set aside the default judgment, and in not permitting the defendant below to defend the cause of action upon the merits. Therefore the judgment of the lower court is reversed, and the case remanded, with direction that the judgment be set aside upon payment by appellant of all costs incurred in the court below.

*Reversed and remanded.*