### TONKEL v. WILLIAMS.*

(Division A.    April 18, 1927.)

[112 So. 368.    No. 26417.]

1. JUDGMENT. *Court should not summarily deny hearing because defendant is caught unawares through attorney's inadvertence and no harm could result from trial on merits.*

   Where no possible harm could come to plaintiff by having trial on merits, court should not summarily deny a hearing simply because defendant is caught unawares because of inadvertence or even willful neglect of attorney, where case can be tried and disposed of in ordinary way at that term of court.

2. JUDGMENT. *Defendant presenting plea before default judgment is entitled to trial on merits, where failure to timely present plea was through attorney's inadvertence (Hemingway's Code, section 733).*

   Where defendant failed to file plea through inadvertence of attorney, and attorney was present at sounding of docket and promptly presented plea before any judgment by default was taken, and permitting plea to be filed would have caused only a slight delay, if any, defendant should have been granted a trial on the merits notwithstanding Code 1906, section 1013 (Hemingway's Code, section 733), which is not to be construed to give undue advantage to plaintiff in such cases.

*Corpus Juris-Cyc References: Judgments, 34CJ, p. 164, n. 73 (New), 82 (New); p. 309, n. 86; p. 311, n. 99.

APPEAL from circuit court of Bolivar county, Second district.

HON. WM. A. ALCORN, JR., Judge.

Suit by Mack Williams against F. B. Tonkel. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Shands, Elmore & Causey,* for appellant.

The failure to file the plea on behalf of the defendant was through inadvertence and oversight on the part of the attorney representing her. Under such circumstances the court should have permitted the defendant to file her plea and its failure to do so was an abuse of judicial discretion. *Porter* v. *Johnson,* 2 How. 736; *Fore* v. *Folsom,* 4 How. 282; *Southern Express Co.* v. *Hunt,* 54 Miss. 664; *City of Meridian* v. *Trussell,* 52 Miss. 711; *Surety Ins. Co.* v. *Treadwell,* 113 Miss. 197.

The above cases were appealed from judgments by default at law. Substantially the same rules obtain with reference to the setting aside of decrees *pro confesso* in chancery. *Yost* v. *Alderson,* 58 Miss. 40, involving the opening up of a decree *pro confesso.* In *Field* v. *Junkin,* 99 So. 834 (Miss.), the court applied the same rule announced in *Yost* v. *Alderson, supra,* in favor of an appellant who was negligent.

In the case at bar, leave to plead was requested as quickly as could be done under the circumstances. The attorney for the plaintiff did not make even a formal objection to the filing of the plea, leaving the matter entirely to the court and to defendant's counsel. No surprise was claimed, no claim was made that any delay would result.

We submit that the lower court in its anxiety to handle the docket with dispatch misapprehended the just rights of the defendant under the circumstances and, therefore, the case should be reversed so that a trial can be had on the merits.

*J. H. Price,* for appellee.

If it be assumed that the defendant's application for leave to file his plea after the lapse of two hundred seventeen days was addressed to the discretion of the trial judge, does the record disclose an abuse of that discretion? There is no affidavit by the defendant. The defendant is the party complaining. The court below weighed the evidence. His findings of fact are conclusive on this court. Certainly, you cannot say from the evidence that the action of the trial judge cannot be justified; and since this court enters upon this investigation with a presumption that the trial court's ruling was correct, it will be upheld if it can be done upon any reasonable hypothesis whatever.

Since plaintiff's attorney was granted no quarter on motion to file declaration, he would hardly be expected to yield any to defendant's counsel to plead two hundred seventeen days late. We find no cause to complain of the several decisions of this court, on the facts, records and circumstances and the law pertaining to the several cases cited in appellant's brief, but we insist that under this special statute on pleading and the facts in this case that those cases are not applicable and that the lower court on this record should be upheld.

Argued orally by *H. H. Elmore,* for appellant.

McGOWEN, J., delivered the opinion of the court.

This suit originated in the chancery court, and was based on a claim that the complainant, Mack Williams, had paid defendant, Tonkel, one thousand one hundred ninety-six dollars and seventy cents, which was borrowed money; that the complainant had paid a rate of interest greater than twenty per cent. per annum; and that the above sum was principal and interest, which he was entitled to recover under the usury laws of the state.

Mrs. Tonkel filed a demurrer to the bill; the chancellor sustained the demurrer and ordered the cause transferred to the circuit court, which order was entered on February 8, 1926.

The circuit court convened April 5, 1926, and although the complainant was required under section 733, Hemingway's Code, to file his declaration in the circuit court thirty days after the removal of the cause, he had not done so, but leave of the court was granted to plaintiff to file his declaration, which was done' on that day. Defendant was allowed sixty days as of that April term within which to plead. When the November term of the court convened no pleas had been filed, and on November 8, 1926, the first day of the term of court, the presiding judge proceeded to sound the civil docket, not then calling cases for trial, but for the purpose of setting cases for trial during that term, it being a four weeks' term in that county. It appears that the docket had not been set under the rules of practice adopted by the commission of circuit judges and chancellors, but was being set on the first day of the term. The evidence shows that twenty-eight cases had been called and announced ready for trial when this case was reached, and, it then being made to appear to the court that no plea was on file, the plaintiff's attorney asked for a judgment by default; thereupon the attorney for the defendant asked leave of the court to file a plea for defendant, and stated to the court that it was through oversight and inadvertence on his part that the plea had not been filed. The court refused this request. Defendant's counsel appealed for grace to the attorney on the other side, for leave to file the plea, and he replied, "That is up to the court."

The sounding of the docket continued until the noon recess, but upon reconvening after said recess the attorney for the defendant presented the plea of defendant, which he proposed and asked leave of the court to file. This plea is in the record, and, omitting the caption and signature of counsel, contains less than fifty words.

The affidavit of counsel setting up the facts and showing meritorious defense was filed along with the motion and plea, all of which was overruled on the same day. There still had been no judgment. Subsequent to the overruling of the motion plaintiff's attorney presented judgment by default against defendant, which was ordered entered by the court and which was for the sum of one thousand two hundred eighty-two dollars and sixty cents.

Later in the term the defendant made a motion to set aside the judgment by default, filed other affidavits reaffirming his defense and showing that the defendant had relied upon counsel to file the pleas. Mrs. Tonkel's husband and agent made affidavit for her that he was attending to the case for his wife and did not know counsel had not filed the plea. The motion to set aside the judgment was overruled after the taking of some oral proof.

It is apparent that defendant's counsel had, by inadvertence, forgotten his case, and, so far as the circuit court was concerned in that case, was negligent in not filing the plea within time. It is also clear that from the viewpoint of the defendant they had a meritorious defense. It was further clear that the plea would not have interferred with the trial of the cause at that term of court. The plea was only one short plea of the general issue, and, judging from the nature of the suit, the court perhaps could have tried the case on the merits within the time consumed in the effort to render judgment by default against the defendant, who was seeking an adjudication on the merits.

However negligent and subject to criticism from the court, where no possible harm could come to the plaintiff by having a trial on the merits, the court should not summarily deny a hearing simply because the defendant is caught unawares because of inadvertence or even willful neglect of an attorney where the case can be tried

and disposed of in the ordinary way at that term of court.

Early in the history of our jurisprudence, in the case of *Porter* v. *Johnson,* 2 How. 736, our court said that:

"It appears to be the practice to set aside a default on the affidavit of the merits and payment of costs, when opportunity for trial has not been lost."

In the case of *Fore* v. *Folson,* 4 How. 282, we held that: "The court will and should set aside a judgment by default, and allow a plea to the merits, . . . if the defendant below makes affidavit that he has a meritorious defense to the action, showing what the merits are, that the court may judge of them, and make his motion in time so as not to delay trial."

The distinguished jurist in that case said further, speaking of the above rule:

"The ends of justice are promoted by this course."

In the case of *City of Meridian* v. *Trussell,* 52 Miss. 711, a judgment by default was entered against that city, and on the motion to set aside the judgment there was some controversy as to whether the city had been served with process. The court held that the process had been served. This court, speaking through Judge Campbell as the organ of the court, approved the action of the lower court as to the process, but disapproved the action of the lower court in refusing to set aside the judgment by default, and said:

"We are unable to perceive on what just ground the court refused to set aside the judgment by default. Looking at the circumstances disclosed by the record, this refusal appears to have been wanton, arbitrary, and erroneous."

In the case of *Yost* v. *Alderson,* 58 Miss. 40, in which Mr. Justice George, speaking for the court, said on this question:

"It is argued that the cause shown was not good and sufficient; that mere inattention and forgetfulness cannot be a valid excuse for a failure to discharge a legal

duty. This may be true when such inattention or forgetfulness has occasioned a failure which has been injurious to the adverse party, or the action of that party, based on such failure and caused by it, cannot be reversed without injury to him. But when the neglect is in the mere conduct of a suit, and its consequences do not operate injuriously, its condonation by the judge can do no harm except to deprive the adverse party of an advantage which he has secured in virtue of such neglect, and in that case the party guilty of the neglect should not on that account alone be deprived of the means and opportunity of maintaining or defending his rights. The object of the institution of courts is to administer justice according to law, and lawsuits are allowed for that purpose alone. Rules of procedure regulating the conducting of business in courts are instituted solely to facilitate these ends. They are necessary, and their due observance should be enforced by the courts. But it should not be forgotten that they are aids to secure the administering of justice, not shackles to bind courts to the perpetration of wrong. . . .

"It is true that diligence is to be encouraged and the want of it is discountenanced, but these ends should never be attained by *transferring to one suitor the estate of another* [italics ours] if there be other means of securing them. Nor should a lawsuit be allowed to become a mere game of skill and address, to secure to the successful litigant the fruits of his superior management."

In the case of *Field* v. *Junkin,* 99 Miss. 834, 56 So. 172, Chief Justice Smith said, in stating the facts on this question, that the appellant was negligent, and set aside the decree pro confesso because so to do would work no serious injury to the appellee, but would simply deprive him of the advantage secured by reason of appellant's neglect to file her answer.

In *Southwestern Surety Ins. Co.* v. *Treadway,* 113 Miss. 189, 74 So. 143, a default judgment was secured because the appellant's attorney forgot to appear on the day

set for trial, and a default judgment was taken against his client. This court approved the authorities cited, *supra,* and said:

"Where there is a reasonable doubt as to whether or not a default judgment should be vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits."

The case at bar is distinguished from all these cases in that the attorney was present and promptly presented his plea before any judgment by default was taken, and it must have been apparent that slight, if any, delay, even if put to trial immediately, would be caused by permitting the plea to be filed.

Section 733, Hemingway's Code (section 1013, Code of 1906), is not to be construed so as to give an undue advantage to the plaintiff, where harm can come to him in the average case, to have same investigated in the open forum and adjudicated upon the merits. The court should have permitted the plea to be filed in the first instance, and, failing in that, should have set aside the judgment by default and awarded a trial on the merits.

The courts should be open for a fair hearing of every litigant's cause, and are not to be used in order that advantage may be attained as by a game of chance, or as if throwing the runner out while inattentive at the base as in a game of baseball.

*Reversed and remanded.*