SMITH, Justice.
James Martin and Andrew McQueen, Jr., appeal from judgment entered against them by default by the Circuit Court of Montgomery County in favor of U. L. Pal-mertree, appellee.
Appellants were defendants in a suit for damages brought against them by Palmer-tree, who alleged that he had been injured in an automobile collision caused by negligence on the part of McQueen in operating an automobile of Martin in Mississippi, while acting as Martin’s agent.
Summons for Martin, a non-resident of Mississippi, living in Chicago, was served on April 20, 1973, as provided by Mississippi Code Annotated section 13-3-63 (1972), sometimes referred to as the “Non-Resident Motorists Statute,” returnable to the first day of the next term of the Circuit Court of Montgomery County. This was a two-week term, scheduled to convene on October 8, 1973, which was the second Monday. Summons directed to Leflore County for McQueen, also returnable to the October Term, was served upon him personally.
On October 8, 1973, the first day of the return term, no answer having been filed, appellee-plaintiff obtained a default judgment against Martin and McQueen and, on writ of inquiry, judgment was entered on that day against them for $64,000.
Due to a combination of confusion, misunderstanding and oversight, attorneys for appellants-defendants did not receive their instructions to defend the action until Tuesday, October 9, the second day of the term. An immediate call to the office of appellee’s counsel failed to find him in and a return call promised by his secretary was not made. On Wednesday, October 10, the third day of the term, it was discovered by defense counsel for the first time that a default judgment had been taken on Monday. A sworn motion to set aside was promptly prepared, filed and presented at once to the trial judge, who denied it. Defense counsel then prepared a more formal and detailed motion to set aside the default judgment in which they set forth a meritorious defense to the action, in affidavit form, which was presented to the trial court on Friday, October 12. This motion also was supported by testimony, in the course of which the combination of events that had brought about the delay was explained. The trial judge likewise overruled this motion. It is from the action of the trial court in refusing to set aside the default and hear the case on its merits that Martin and McQueen now appeal.
Section 13-3-63, supra, providing for process on non-resident motorists, contains this statement:
The court in which action is pending may order such continuance as may be necessary to afford the defendant reasonable opportunity to defend the action.
In E. B. Kaiser Company v. Ludlow, 243 So.2d 62, 67 (Miss.1970), although declaring the long-arm process in that case valid, this Court entered the following caveat:
In applying the so-called long-arm statute the courts should be sensitive to any *449 conflict between letter of the law and traditional notions of fair play and substantial justice, and if the latter is offended, the former may have to yield.

The default in the present case was entered on the first day of a scheduled two-week return term. Counsel for appellants did not learn of it until Wednesday, the third day of the term. They promptly moved to set it aside. This motion having been denied, a more formal and detailed motion was prepared in affidavit form and presented to the trial judge on Friday and was supported by testimony. This was also denied.
The court’s action in refusing to set aside the default judgment and immediately set the case for trial on its merits may have been influenced to some extent, at least, by the fact that defendants had included in their motion a request that the case be continued, relief to which they were probably not entitled. Obviously, however, this request was upon a “when, as and if basis” and was never reached, as, of course, it could not be, until and unless the motion to set aside the judgment were sustained.
Some consideration also seems to have been given to the fact that the letter directing counsel to defend, mailed from Chicago on October 1, which did not reach them until October 9, the day after the default had been entered, showed sixteen cents postage due. However, it appears clear that this had nothing to do with the late arrival of the letter. As a matter of fact, the last three days prior to its arrival on Tuesday had been Saturday, Sunday and a Monday, which was also a holiday for post-office employees.
We have concluded from all of the circumstances reflected by the record that the action on the part of the trial court in refusing to set aside the default judgment was error. The judgment should have been set aside and the case set for trial on its merits, either immediately, or on a day certain during the scheduled second week of the term. Costs might have been assessed as considered appropriate under the circumstances. It does not appear from the record that this was impossible or even impracticable, and it would have afforded ap-pellee a trial upon the merits at the return term.
In Tonkel v. Williams, 146 Miss. 842, 112 So. 368, 369 (1927), this Court dealt with a slightly different set of circumstances, but the principle involved was similar to that here. In Tonkel, this Court said:
However negligent and subject to criticism from the court, where no possible harm could come to the plaintiff by having a trial on the merits, the court should not summarily deny a hearing simply because the defendant is caught unawares because of inadvertence or even willful neglect of an attorney where the case can be tried and disposed of in the ordinary way at that term of court.
Early in the history of our jurisprudence, in the case of Porter v. Johnson, 2 How. 736, our court said that:
“It appears to be the practice to set aside a default on affidavit of the merits and payment of costs, when opportunity for trial has not been lost.”
Tonkel, supra, the Court observed: “ . . . the (trial) court perhaps could have tried the case on the merits within the time consumed in the effort to render judgment by default against the defendant, who was seeking an adjudication on the merits.” Here, three days, Wednesday, Thursday and Friday were spent hearing and denying the motions to set aside the default. In addition, there were still seven work days of the term remaining after the motion to set aside had been finally denied.
In Southwestern Surety Ins. Co. v. Treadway, 113 Miss. 189, 74 So. 143 (1917), this Court held:
It seems that the rule in this state, as far back as Porter v. Johnson, 2 How. *450 736, and Fore v. Folsom, 4 How. 282, is that a motion to set aside a judgment supported by an affidavit of meritorious defense, should be granted where the opportunity for a trial at the same term of court has not been lost.

We do not think any fixed, ironclad rule can be safely adopted with reference to the setting aside of default judgments, but that the courts must look to the facts of the particular case, and if from the whole record the court can reasonably say that justice and right demand that the default judgment should be set aside and a trial had upon the merits, it should be done, and thereby bring about a result by trial on the merits of the controversy between the parties. (113 Miss, at 196, 74 So. at 145).
In Manning v. Lovett, 228 Miss. 191, 87 So.2d 494 (1956), this Court approved and reiterated what had been said in Treadway, supra, and concluded.
All things considered, we think that justice requires that the default judgment be set aside and that the case be tried upon its merits under the special circumstances here involved. (228 Miss, at 195, 87 So.2d at 496).
The rule was stated in Campbell v. Campbell, 231 Miss. 658, 97 So.2d 527 (1957):
In Southwestern Surety Ins. Co. v. Treadway, 113 Miss. 189, 74 So. 143, this Court held that while a large discretion rests with the circuit judge in dealing with motions to set aside default judgment, still no fixed and ironclad rule can be safely adopted, and that even after a default judgment has been entered, where there is a reasonable doubt as to whether or not it should be vacated, such doubt should be resolved in favor of opening the judgment and hearing the case on its merits. (231 Miss, at 662, 97 So.2d at 529).
The judgment appealed from will be reversed and set aside and the case remanded for trial upon the merits.
Judgment reversed and set aside, and case remanded for trial upon the merits.
GILLESPIE, C. J., RODGERS, P. }., and INZER, ROBERTSON, SUGG and WALKER, JJ., concur.