# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-00355-SCT

*BOB McCAIN d/b/a McCAIN'S TREE SERVICE OF GULFPORT AND VICKSBURG, MISSISSIPPI*

*v.*

*KENNETH L. DAUZAT*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/07/2000 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ALBEN N. HOPKINS |
| | THOMAS A. WALLER |
| | ROBERT E. BRIGGS |
| ATTORNEY FOR APPELLEE: | JAMES L. FARRIOR, III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | VACATED AND REMANDED - 8/09/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/30/2001 |

**BEFORE PITTMAN, C.J., DIAZ AND EASLEY, JJ.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1. On August 28, 1997, Kenneth Dauzat (Dauzat) filed suit against Bob McCain, d/b/a McCain's Tree Service of Gulfport and Vicksburg, Mississippi (McCain), in the Circuit Court of Harrison County, First Judicial District. The complaint alleged that Dauzat was injured by a flying wood chip while working for McCain and operating a mechanical wood chipper. In addition, Dauzat alleged that the machine was unsafe lacking any protective guards and that McCain had instructed him not to wear face and eye protection because they would hinder productivity. Furthermore, Dauzat contended that McCain was required to carry workers' compensation insurance and did not. As such, Dauzat sought $250,000 in compensatory damages and an additional $250,000 in punitive damages.

¶2. Although McCain denies being served, the proof of service indicates that a summons and copy of the complaint were personally served on McCain by James Moran, Jr., on September 5, 1997. After receiving no reply, Dauzat applied for an entry of default which was duly filed by the court clerk on October 27, 1997. Also on October 27, Judge Whitfield entered a default judgment against McCain. A hearing on a writ of inquiry was convened on October 31. At the conclusion of that hearing, the trial judge entered a judgment in favor of Dauzat in the amount of $175,000 for compensatory damages and $500,000 as punitive damages. Dauzat filed a motion for judgment debtor exam on March 2, 1999. McCain was served with the motion on March 18, 1999 and, this time, chose to take action. On April 7, 1999, McCain filed a motion to set aside the default judgment. A hearing on that motion was held on February 7, 2000. There exists some controversy over whether McCain's attorney requested a record of the hearing; in any case,

there is not one available for review by this Court.

¶3. The parties prepared a statement of the evidence and proceedings pursuant to Miss. R. App. P. 10(c) which summarizes the testimony presented at the hearing as well as the objections leveled by each party. However, certain areas are strikingly absent or underdeveloped. In addition, both parties briefs indicate that McCain acted in a brash and disrespectful manner at the hearing and that in answer to this behavior Judge Whitfield ended the hearing prior to its conclusion. On February 7, 2000, the trial court entered its order denying the motion to set aside the default judgment. It is from this denial of his motion that McCain appeals. McCain contends (1) that the default judgment is void as he was never served with process, (2) that the trial court abused its discretion by failing to apply the proper standard in reviewing and in refusing his motion, (3) that the compensatory damage award is excessive and unsupported by the evidence, and (4) that the punitive damage award is invalid and unsupported by the record.

## FACTS

¶4. Since this appeal deals with the propriety of a default judgment and the ruling on a motion to set aside, the operative facts are those stated above. Any facts germane to any portion of the discussion will be set forth when that issue is considered.

## DISCUSSION

¶5. When reviewing the denial of a motion to set aside a default judgment, we will disturb the ruling where the trial court has abused its discretion. *Guaranty Nat'l Ins. Co. v. Pittman*, 501 So. 2d 377, 388 (Miss. 1987). "To be sure, default judgments are not favored and trial courts should not be grudging in the granting of orders vacating such judgment where showings within the rules have arguably been made." *Id.* at 387-88 (citing *Bell v. City of Bay St. Louis*, 467 So. 2d 657, 666 (Miss. 1985)). However, the determination is still clearly within the trial judge's sound discretion.

### I. WHETHER THE DEFAULT JUDGMENT IS VOID AS A MATTER OF LAW FOR INSUFFICIENT SERVICE OF PROCESS.

¶6. McCain first asserts that the default judgment entered against him is void as a matter of law because, as he claims, he was never served a summons and copy of the complaint. In support of this allegation, McCain points to his testimony during the hearing on the motion to set aside in which he stated that he had never been served and knew nothing of the legal actions against him until he received notice of the judgment debtor's examination. In addition, McCain asserts that his quick actions upon being served with that notice indicate the seriousness with which he treats such matters.

¶7. A court must have jurisdiction, proper service of process, in order to enter a default judgment against a party. *Arnold v. Miller*, 26 Miss. (4 Cushm.) 152, 155 (1853). Otherwise, the default judgment is void. *Id.* If a default judgment is void, the trial court has no discretion and must set the judgment aside. *Sartain v. White*, 588 So. 2d 204, 211 (Miss. 1991). McCain argues that is precisely the situation in the present case.

¶8. In essence, McCain asks this Court to take his word that he was not served over the trial judge's opinion and evidence to the contrary. The trial judge listened to McCain's story and stated that he "did not believe a word that McCain had said." Furthermore, we have held that a return of process is presumed to be correct, and McCain did nothing to shake this presumption. *Pointer v. Huffman*, 509 So. 2d 870, 872

(Miss. 1987). Also, Moran, the process server, executed a sworn affidavit in further support of the sworn return of process form. In rebuttal, McCain's brief argues that he was not able to cross-examine Moran and should, therefore, be given the benefit of the doubt. Unfortunately, McCain had every right and opportunity to subpoena Moran and failed to do so. As with answering a summons, "the law favors the diligent and is against the careless . . .." *Southwestern Sur. Ins. Co. v. Treadway*, 113 Miss. 189, 196, 74 So. 143, 145 (1916). Finally, Dauzat points out that the notice of the judgment debtor's examination was personally served on McCain at the same address as the original summons and complaint without any problem or objection. McCain admitted that if anybody was served at that address, it must have been him. Therefore, the trial judge did not abuse his discretion in holding that service of process was proper.

## II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO APPLY THE PROPER METHOD OF REVIEW IN EVALUATING A MOTION TO SET ASIDE A DEFAULT JUDGMENT AND BY REFUSING TO SET ASIDE THE JUDGMENT IN THIS CASE.

¶9. McCain asserts that the trial court abused its discretion in refusing to set aside the default judgment or, at least, in failing to apply the proper test in evaluating the motion to set aside. He contends that default judgments should be set aside liberally and that past holdings of this Court support such an idea. McCain further prays that even if we decide that it was not an abuse of discretion to deny the motion, an abuse occurred in the trial judge's method of denial by not applying the proper test.

¶10. On numerous occasions, we have held that "[d]efault judgments are not favored and relief should only be granted when proper grounds are shown. The determination whether to vacate such a judgment is addressed to the discretion of the trial court. While the trial court has considerable discretion, this discretion is neither 'unfettered' nor is it 'boundless.'" *Chassaniol v. Bank of Kilmichael*, 626 So. 2d 127, 135 (Miss. 1993); *Am. Cable Corp. v. Trilogy Communications, Inc.*, 754 So. 2d 545, 552 (Miss. Ct. App. 2000). Quite obviously, this gives little guidance as to what standard trial courts are to follow. To clarify matters and add uniformity, we have articulated a three-prong test by which trial courts should determine whether to set aside a judgment pursuant to Miss. R. Civ. P. 60(b). *Chassaniol*, 626 So. 2d at 134. When faced with a Miss. R. Civ. P. 60(b) motion, the trial court must consider: "(1) the nature and legitimacy of the defendant's reasons for his default . . ., (2) whether the defendant in fact has a colorable defense to the merits of the claim, and (3) the nature and extent of prejudice which may be suffered by the plaintiff if the default is set aside." *Id.* The test "boils down almost to a balancing of the equities-in whose favor do they preponderate, the plaintiff or the defendant?" *Guaranty Nat'l Ins. Co.*, 501 So. 2d at 388. Furthermore, "[w]here there is a reasonable doubt as to whether or not a default judgment should be vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits." *Southwestern Sur. Ins. Co.*, 113 Miss. at 199, 74 So. at 146.

¶11. The problem in the present case is that there is little or no indication that the trial judge ever considered these three factors. From what can be gleaned from the briefs and the statement of the evidence and proceedings, the trial judge became perturbed with McCain and prematurely ended the hearing on the motion. While we cannot be certain that the trial judge did not weigh the three factors, there is strong evidence that he did not. Instead, the evidence in the record, what little there is, suggests that the trial judge allowed McCain's behavior to affect his ruling. In any case, the trial judge erred in cutting short the motion hearing before all evidence could be laid out, especially considering our past disfavor of default judgments. A proper solution to McCain's behavior would have been a contempt of court charge or sanctions;

however, a termination of the hearing was inappropriate.

¶12. As previously stated, there simply is not enough evidence in the record to determine whether the motion to set aside should have been granted. Thus, the case is remanded for a full hearing on the Miss. R. Civ. P. 60(b) motion to set aside the default judgment.

### III. WHETHER THE COMPENSATORY AWARD IS EXCESSIVE AND UNSUPPORTED BY THE EVIDENCE.

### IV. WHETHER THE PUNITIVE DAMAGE AWARD IS INVALID AND UNSUPPORTED BY THE EVIDENCE.

¶13. Because we are remanding for a new hearing on McCain's motion, we need not address the remaining allegations of error.

## CONCLUSION

¶14. Although we see no glaring defects in the default judgment itself, we do hold that the hearing on the motion to set aside was replete with problems. While we are vacating and remanding for a new hearing on the motion, we do not express or imply any view as to how the circuit court should rule on remand. McCain should be given the chance to fully present his case. At the same time, we hope that McCain takes this second chance to conduct himself in a more courteous and polite manner showing the respect due every circuit judge. Therefore, the judgment of the Harrison County Circuit Court is vacated, and this case is remanded to that court for a new hearing and decision on McCain's motion to set aside default judgment.

¶15. **VACATED AND REMANDED**.

**PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, WALLER, COBB AND EASLEY, JJ., CONCUR. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**