Eldridge *v.* McMackin.

---

## OSCAR A. ELDRIDGE *v.* THOS. C. McMACKIN.

EXECUTOR AND ADMINISTRATOR: SALE OF REALTY TO PAY DEBTS.—It is not essential to the validity of a sale of the real estate of a decedent for the payment of his debts, that the administrator should exhibit to the court, when he makes the application for leave to sell, an inventory under oath of the personal estate and debts of his intestate.

ERROR to the Circuit Court of Lawrence county. Hon. John E. McNair, judge.

The verdict and judgment in the court below were for the defendant in the action of ejectment.

*H. F. Johnson*, for plaintiff in error,

Cited How. & Hutch. Dig. p. 407, § 98; 4 Conn. R. 495; 6 Ib. 373; 7 Mass. 488; 3 Stew. & Port. 355.

*W. P. Harris*, for defendant in error,

Cited *Lee* v. *Gardner*, 26 Miss. R. 543; *Gelstrop* v. *Moore*, Ib. 210.

HANDY, J., delivered the opinion of the court.

This was an action of ejectment, brought by the plaintiff in error to recover possession of certain lots of land from the defendant.

The plaintiff claimed title as heir at law of A. S. Eldridge, who died seised and possessed of the premises in the year 1838; and the defendant claimed title in virtue of a decree of the Court of Probates of Lawrence county, in which the land lies, ordering the lots to be sold, and a sale made under that decree.

The material facts shown by the bill of exceptions, in relation to the proceedings and decree of the Court of Probates, and the sale made thereupon, are as follows:

At the term held on the first day of March, 1838, Joseph Neylans and Delilah Eldridge were appointed administrators of the deceased; and at the term held on the fourth Monday of the same month, it appears by the records of the court, that on the application of the administrators to sell the real estate of the deceased, they were directed to give notice to all persons interested in the estate, to appear at the next May term, to show cause why the real estate should not be sold, and requiring notice to be published and posted according to the requirements of the statute. It also appears, by said records, that at the term of that court, held on the fourth Monday of May, 1838, the administrators were ordered to sell the said real estate, and that Neylans subsequently reported that he had sold the same on the 16th July, 1838, for the sum of $4001, and that he accounted to the court for the proceeds as applied to the payment of debts against the estate; that on the 17th July, 1838, Neylans, as administrator, conveyed the premises by deed to Joseph G. Anderson, in consideration of the sum of $4001, stated therein to be paid, and that the premises were regularly conveyed from Anderson to the defendant.

In order to show the validity of the administrators' sale, Neylans was introduced by the defendant, and testified that he was the administrator who made the sale; that the application for the sale of the lots was for the payment of the debts of the estate; that he presented at the time, to the court, a written memorandum, showing that the personal estate was insufficient to pay the debts of the estate; he was not certain whether it was sworn to, but to the best of his recollection he did not swear to it, and it was not the custom.

He further stated that he gave notice to those interested in the real estate to appear and contest the application for the sale of it, according to the requirements of the law; that there was no proof of the notice by publication, nor were the posted notices preserved or filed, and he does not know how the Probate Court was satisfied that he had complied with the law requiring notice, but that his showing at that time was satisfactory to the court, and the court acted upon his statements that the notices had been given; that the written statement which he exhibited to the court, showing the insufficiency of the personal estate, was left with the court at the time of presenting it, and he does not know what has become of it. It was admitted that there was not to be found on the files of the court any such paper. It was further shown, that in the years 1838, 1839, and 1840, the papers in the office were loosely kept, and that the only papers to be found there, connected with this estate, were the inventory, and account of sale, and an annual account. It was further shown, that the administrator sold the lots in the year 1838 for $4001, which was a full and fair price for the same.

Upon this evidence, the plaintiff asked the court to instruct the jury, that if they believe from the evidence that Neylans, the administrator, did not present to the Probate Court, with his application for the sale of the real estate, an *exhibit on oath,* and an account of the personal estate of the intestate, and of the debts against him, then the order of sale was void, and they should find for the plaintiff, which the court refused, and the plaintiff excepted.

Several errors are assigned by the plaintiff in error, but the only one insisted upon is, the refusal of the court to give the instruction above stated. The ground upon which it is contended that that instruction was correct is, that it was necessary, to give the Probate Court jurisdiction to order the sale of the real estate upon the representation of insolvency of the personal estate, that the administrator should then exhibit, *on oath,* a just and true account of the personal estate and debts; and without such exhibit, *on oath,* that the order of sale is void. But we do not consider this position well founded.

The representation of the insufficiency of the personal estate to pay the debts of the deceased, is but an incipient step towards

bringing the real estate within the jurisdiction of the Court of Probates for the payment of the debts. It is the mere foundation of the process to be issued by the court to all persons interested, requiring them to appear at a certain day, and show cause why the lands should not be sold for the payment of the debts. The spirit and true intent of the statute are that such an exhibit, on oath, made by the administrator, would be *sufficient* ground for issuing process, requiring the parties interested to show cause, not that the court shall not order the process *upon other sufficient evidence,* showing to the satisfaction of the court that the personal estate is insufficient. It comes within the principle stated in *Cason* v. *Cason,* 31 Miss. 592. This showing is merely preliminary, and only required to be made to the satisfaction of the court; for the parties have the opportunity, at the time appointed for taking the essential action upon the matter, to appear and show that the personal estate is sufficient, and that a sale of the real estate is not necessary to pay the debts.

The essential thing, in giving the court jurisdiction to order the sale, is the notice to the parties interested; and if no good cause appear to be shown at the time appointed for the hearing of the matter, it is to be presumed that the necessity for selling the land was then legally established. When, under such circumstances, the court decrees the sale for the payment of the debts, and it does not appear upon what evidence the decree was founded, it must be presumed that the decree was justified by the evidence. The issuance of the process, and service of it, according to law, upon the parties interested, gave the court jurisdiction *of the parties;* and the statute gives the court jurisdiction of *the subject-matter* of decreeing the sale of the real estate of the deceased for the payment of debts, where the personal estate is insufficient, which jurisdiction is properly exercised when, after due notice to the parties interested, and upon the hearing at the time at which they were appointed to appear, the court determines that a sale of the real estate is necessary for the purpose, and decrees the sale.

Let the judgment be affirmed.