M. A. WILLIAMSON ET AL. *v.* JESSE WARREN, GUARDIAN.

1. GUARDIAN AND WARD. *Petition for sale of land not sworn to.*

   Section 1221 of the Code of 1871 provides that "when any guardian shall think it would be for the interest of the ward to sell his real estate, such guardian may present a petition to the Chancery Court of the proper county, setting forth the reasons why a sale of the land would be beneficial to his ward, which shall be verified by oath." Under this statute it is not necessary to a valid exercise of the power of the court to decree a sale of the land of the ward, that the petition should be sworn to. The petition is merely the means of procuring process, and of presenting the particular ground on which a decree of sale is asked. The notice to those interested is the essential thing in giving the court jurisdiction to order such sale.

2. SAME. *Failure of court to order summons to issue, and to appoint a day for hearing.*

   Although section 1221 of the Code of 1871 provides that a guardian's petition for the sale of his ward's land "shall be presented to the court at least one month before a decree of sale can be made, and the court shall appoint a day at the next term for hearing the petition, and shall order a summons to issue to the co-heirs," etc., yet the failure of the court to appoint a day for the hearing, and to order a summons to issue, does not invalidate a decree for the sale of the ward's land where a summons issued by the clerk, under the seal of the court, to the proper parties, returnable to the next term of the court, has been duly executed, and the court, after the lapse of at least a month from the filing of the petition, proceeds, as directed in the statute, to hear and examine the allegations and proofs, and thereupon renders the proper decree.

3. SAME. *Sale of land. Where to be made.*

   It is not necessary to the validity of a guardian's sale of real estate that it should be made at the door of the court-house of the county. Section 1038 of the Code of 1871 has no reference to sales by guardians, but such sales are regulated by section 1222 of the Code, which does not designate where the sales shall be made.

APPEAL from the Chancery Court of Lincoln County.

Hon. THOMAS Y. BERRY, Chancellor.

Jesse Warren, the appellee, as guardian, obtained an order of the Chancery Court, on February 1, 1872, authorizing and directing him to sell certain lands belonging to his wards. He sold the land on April 6, 1872, to Joshua Williamson, now deceased, but who was then the husband of the appellant M. A. Williamson, and the father of the other appellants. Only a part of the purchase-money was paid at the time of the sale,

and the purchaser having failed to pay the balance when due,. Warren, as guardian, filed his bill on November 29, 1876, to subject the land to the payment of the balance of the pur- chase-money, under the statutory lien. The appellants, as defendants below, filed an answer and cross-bill. The com- plainant demurred to the cross-bill, and the demurrer was sustained and the cross-bill dismissed. And on final hearing the court ordered the land to be sold to pay the balance of the purchase-money due on the guardian's sale. The points. assigned for error appear in the opinion of the court.

*Sessions & Cassedy*, for the appellants.

1. The fact that the sale of the land was not made at the door of the court-house of the county is alone sufficient to render the sale void. Section 1038 of the Code of 1871 pro-vides that " sales of land ordered by a decree of any court of chancery shall be made on a credit of six months from the day of sale, unless otherwise ordered by the court, and at such place and on such notice as may be directed in the decree ; and if no direction shall be given, then at such place and on such notice as is required in case of sales under executions at law." No place for the sale was named in the decree ; and it should, therefore, have been made at the court-house, as re- quired in execution sales. The law is imperative. As the cross-bill shows, the sale in this case was made at the railroad depot. It was, therefore, invalid, and conveyed no title, as. was held in the case of *Warren, Guardian*, v. *Reddy*, Opinion Book F, 78, which has been followed in *Johnson* v. *Jones*, 51 Miss. 867. See, also, *Knox* v. *Bridges*, 45 Miss. 247.

2. The petition for the sale of the land was not sworn to. The statute requires that it shall be verified by oath. Code 1871, sec. 1221.

3. No day was appointed by the court for hearing the peti- tion of the guardian for the sale of the land. This was necessary. Code 1871, sec. 1221.

*R. H. Thompson*, for the appellee.

1. The case of *Knox* v. *Bridges*, 45 Miss. 247, to the effect.

that execution sales must be made at the court-house of the county, has no application to judicial sales. It is claimed that this question was settled in *Warren* v. *Reddy*, Opinion Book F, 78, but this court has held that that case was upon a wrong application of principles, and it is in part, at least, overruled. *Johnson* v. *Jones*, 51 Miss. 860. The truth is that a wrong application of principles pervades the whole case of *Warren* v. *Reddy*, *supra*, and I respectfully ask the court to reconsider the case. The case of *Johnson* v. *Jones*, 51 Miss. 860, is not authority in this case, because the question for solution here was not before the court there.

Section 1038 of the Code of 1871 has reference alone to chancery sales proper, and has no application in probate proceedings. Section 1221 of the Code of 1871 prescribes what shall be contained in a decree authorizing a guardian's sale of land, and it does not require the place of sale to be stated, and section 1222 requires the report to show the place where the sale was made. The two sections together leave it to the guardian to select the place of sale — his action, of course, being subject to approval or disapproval by the court. Probate law is not administered according to the chancery practice, but according to the formulas laid down in the statutes for probate business. *Wells* v. *Smith*, 44 Miss. 297 ; *Saxon* v. *Ames*, 47 Miss. 565.

2. The failure of the court to appoint a day for the hearing of the petition was at most a mere irregularity, and cannot amount to more than mere error. For this reason the decree cannot be collaterally attacked. The court had jurisdiction of the subject-matter and of the persons, and its decree is final and conclusive till reversed.

CAMPBELL, J., delivered the opinion of the court.

The demurrer to the cross-bill was properly sustained.

It is not necessary to the valid exercise of the power of the Chancery Court to decree a sale of the land of a ward on the petition of his guardian, under section 1221 (erroneously

printed, section 1121) of the Code, that the petition should be verified by the oath of the guardian. The petition "is but an incipient step" towards bringing the matter before the court. It is the means of procuring proper process, and of presenting the particular ground on which a decree of sale is asked. "The essential thing in giving the court jurisdiction to order the sale is the notice to the parties interested." *Eldridge* v. *McMackin*, 37 Miss. 72. This is the doctrine announced as applicable to a decree for the sale of land on petition of an administrator; and it is equally applicable to a proceeding by a guardian to obtain a decree of sale of land.

The averment of the cross-bill — that the petition of the guardian for the sale of the land was not presented one month before the decree of sale was made — is shown by other averments of the cross-bill to be untrue. The dates set forth in the cross-bill show that the petition for sale was presented in October, 1871, and the decree of sale was made in February, 1872.

An order of the court appointing a day for the hearing of the petition, and for the issuance of process, is not an essential condition precedent to the validity of a decree of sale in accordance with the prayer of the petition. If a summons is issued by the clerk, under the seal of the court, for the proper parties, returnable to the next term of the court, and the process is duly executed, and the court " shall proceed to hear and examine the allegations and proofs of the guardian, and also those who may appear and object," and shall make a decree of sale as provided by the statute, at least one month elapsing between the filing of the petition and the decree, the substantial requirements of the statute will have been complied with, and the decree of sale will be valid.

The court has jurisdiction of the *subject-matter* of decreeing the sale of the real estate of a ward, and the summons duly executed upon the proper persons, requiring them to appear before the court, at the proper time and place, to answer the petition for a decree of sale, will give the court jurisdiction of

the *parties*, and it can render a valid decree of sale.   The language of the statute, " the court shall appoint a day at the next term for hearing the petition, and shall order a summons to issue," is satisfied in its " spirit and true intent " by the issuance of the proper summons by its clerk, returnable at the proper term, and the subsequent approval and adoption of his act by the court, in proceeding " to hear " and decree upon the application.

It is not necessary to the validity of a guardian's sale of real estate that it shall be made at the door of the court-house of the county.   It was not the purpose of this court, in *Johnson* v. *Jones*, 51 Miss. 860, to announce the proposition that a guardian's sale of real estate must be made at the court-house door.   The remark in the opinion, claimed by counsel as announcing that, was made solely with reference to the decision of *Warren* v. *Reddy*, and upon the assumption that it was rightly decided as to that, without the consideration of any legal proposition except the one then before us for decision.

No law requires a guardian's sale to be made at the court-house door.   Section 1038 of the Code has no reference to sales by guardians, which are regulated by section 1222, which does not designate *where* such sales shall be made, but requires that the guardian shall state in his report of sale the *time* and *place* of sale, the very object of which is to enable the court to see if the sale was made at a proper place.

The cross-bill having been dismissed, the case stood upon bill and answer, and the complainant below was entitled to the decree he obtained.

Affirmed.