---

(15 Misc. Rep. 654.)

## In re RUPPANER'S WILL.

(Surrogate's Court, New York County.   December 19, 1895.)

1. WILLS—REVOCATION OF PROBATE—ACTION IN SUPREME COURT.

    Code Civ. Proc. § 2653a, providing that "any person interested in a will" admitted to probate may cause the validity of the probate to be determined in an action in the supreme court, did not repeal section 2648, requiring a petition for revocation of probate by a person interested in the estate to be filed in the surrogate's court within one year after the recording of the decree admitting the will to probate.   Long v. Rodgers, 29 N. Y. Supp. 981, 79 Hun. 443, followed.

2. SAME—EFFECT OF DECISION—PROCEEDING IN SURROGATE'S COURT.

    Under Code Civ. Proc. § 2653a, providing that the verdict in an action to determine the validity of a will shall be conclusive as to real and personal property, a party to such action, in which the will is upheld, cannot thereafter institute proceedings in the surrogate's court under section 2647, to revoke the probate.

3. SAME—OMISSION OF NECESSARY PARTIES.

    The omission to join a necessary party does not oust the court of jurisdiction, but merely renders the judgment inoperative as to the omitted party.   Keyes v. Ellensohn, 30 N. Y. Supp. 1035, 82 Hun, 13, followed.

4. SAME—WHO MAY MAINTAIN PROCEEDING.

    Under Code Civ. Proc. § 2647, permitting a person interested in the estate to institute proceedings in the surrogate's court to revoke the probate of a will, such proceeding must be brought by the husband or wife, heirs at law or next of kin, who would share in the estate in case of intestacy, and not by one to whom a contingent interest was devised.

5. SAME—SUBSTITUTION OF PARTIES.

    Where petitioner, in a proceeding under Code Civ. Proc. § 2647, to revoke the probate of a will, is shown to be estopped from maintaining the proceeding because of a prior judgment to which he was party, a respondent whose answer admitted the allegations of the petition in respect to the validity of the will cannot be substituted and allowed to continue the proceeding in petitioner's place.

6. SAME—LIMITATION.

Under Code Civ. Proc. § 2648, providing that a petition to revoke the probate of a will shall be filed in the surrogate's court within one year after the recording of the decree admitting the will to probate, the time so limited begins to run from the date the decree was actually entered and filed with the clerk of the court where the probate proceedings were had.

7. CONFLICT OF LAWS—DISTRIBUTION OF DECEDENT'S ESTATE.

The succession to an intestate's personal property is governed by the law of his actual domicile at the time of his decease.

Petition by Barbara Ellensohn for revocation of probate of the will of Antoine Ruppaner, deceased. Respondents, with one exception, move to dismiss the proceedings. Motion granted.

Isaac N. Miller, for petitioner.

Lucius H. Canton, for proponent.

ARNOLD, S. This is a proceeding for revocation of probate of the will of the decedent, under section 2647 of the Code. The sole petitioner is Barbara Ellensohn, the half-sister of the testator, and a person interested in his estate. All parties entitled thereto under section 2649 have been duly cited herein, and all oppose the revocation except one Anna Kristof, an infant, who appears by guardian, and files an answer admitting the allegations of the petition in respect to the invalidity of the will. Upon the opening of the case, the respondents, with the exception above stated, moved for a dismissal of the proceedings upon grounds set forth in their respective answers. These are—First, that the proceeding was not commenced within the period limited by section 2648 of the Code; second, that the petitioner is estopped from maintaining such proceeding by reason of a judgment entered in an action to which she was a party, brought in the supreme court of this state by the executors of the will, under section 2653a of the Code, to determine the validity of the probate which is herein attacked, and which judgment established such validity. It appears from the judgment roll in such action, which is put in evidence here, that Barbara Ellensohn was made a party defendant in the action, was duly served with the summons therein, and appeared and answered by attorney, and is concluded by the judgment, which adjudges that the will is valid. This action was brought within one year after the will had been admitted to probate. The legislature, in enacting section 2653a,[1] did not repeal the other sections of the Code providing for proceedings for revocation of probate, and the intention appears to have been to embrace the provisions of section 2653a within the existing system, not to substitute it therefor. Long v. Rodgers, 79 Hun, 443, 29 N. Y. Supp. 981.

It is expressly stated in that section that the verdict in an action brought thereunder shall be conclusive as to real or personal property, with exceptions which it is not claimed apply to this case. As the petitioner herein was a party to and is bound by the judgment,

---

[1] Code Civ. Proc. § 2653a, provides, inter alia, that any person interested in a will or codicil admitted to probate may cause the validity of the probate to be determined in an action in the supreme court.

in the supreme court action, she is concluded from further questioning the validity of the will and its probate, and further prosecution of the proceeding on her part in this court for revocation of the probate would be futile. In re Peaslee's Will, 73 Hun, 113, 25 N. Y. Supp. 940; In re Soule's Will (Surr.) 3 N. Y. Supp. 259.

The petitioner, however, insists that the judgment is void because the plaintiffs in the action were permitted, by an order of the supreme court, to discontinue as against the infant defendant, Anna Kristof, the contention being that, as the statute provides that certain specified classes of persons must be made parties to actions brought under it, a trial could not be had until all such parties were regularly before the court, so as to be bound by any judgment entered therein. Opposition was made on behalf of the infant to the application for a discontinuance of the action against her, but the motion was granted; the court holding that the infant had no possible interest except under the testator's will; that she was not one of the next of kin; and that her grandmother (the petitioner herein), who is a next of kin, was bound by the judgment. From the order entered on this motion no appeal was taken, but thereafter an application was made by the petitioner, Barbara Ellensohn, at special term, to vacate the said judgment establishing the will, upon the ground that the whole judgment should be vacated as to all the defendants, because it had been as to the said infant, that the latter had not been properly served, and that all proceedings at and after the trial were void, although participated in by the adult defendants; the claim being that the statute peremptorily requires that a trial shall not be had until all necessary parties are regularly before the court. This application, however, was denied, it being held that it had already been adjudged by the order discontinuing the action against the infant that the latter was not a necessary party; that question having been necessarily involved in the disposition of that matter. From the order entered denying the motion to vacate the judgment the petitioner appealed to the general term, which affirmed the order, holding that the mere fact that necessary parties are not before the court on a trial does not oust the court of jurisdiction so far as the persons are concerned who are made parties to the action, and the only effect of such omission is that the judgment is not binding upon a party who has been omitted. Keyes v. Ellensohn, 82 Hun, 13, 30 N. Y. Supp. 1035. On appeal to the court of appeals the order was again affirmed, without opinion. 144 N. Y. 700, 39 N. E. 857. It seems to be thus definitely established that even if the infant, Anna Kristof, was a necessary party to the action brought to establish the will, the omission to make her such party is not available to Mrs. Ellensohn for the purpose of attacking the judgment.

The guardian of the infant, nevertheless, contends that, even if the petitioner is estopped from maintaining the present proceeding by reason of this judgment, still his ward may continue the same by reason of her having by her answer admitted the allegations of the petition in respect to the invalidity of the will, and asked that the prayer of the petition be granted. This proposition is unten-

able. There is no provision of law which authorizes the substitution of an assenting respondent in these proceedings, in the place of the petitioner. See In re Soule's Will (Surr.) 3 N. Y. Supp. 259.

The infant was made a party to the proceedings solely by reason of the contingent interest devised to her by the will, and it is quite apparent that she could not have instituted the proceeding for revocation herself, the only parties who are entitled to maintain such a proceeding being those interested in the estate,—that is, the husband and wife, heirs at law, or next of kin, who would share in the estate in case of intestacy,—the proceeding being one to remove the obstacle presented to such distribution by the existence of the will. In order to overcome this difficulty, the guardian has put in evidence the laws of Austro-Hungary, where the minor, as well as her parents and her grandmother, Mrs. Ellensohn, reside, from which it appears that there is a limitation on the right of parents in that country to disinherit their children, except under certain prescribed conditions; and he claims that, therefore, his ward has an interest in the estate which must at some future period come to her through her said grandmother. But the succession to an intestate's personal property (and this testator's estate exclusively consisted of personal property) is governed by the law of the actual domicile of the intestate at the time of his death; and it devolves upon those entitled to take it as next of kin, according to the law of such actual domicile; and, as the decedent was at the time of his death an actual resident of and domiciled within the state of New York, the laws of that state in respect to such succession must prevail, and under those laws the said infant would not, in case the testator died intestate, be entitled to any interest whatever in his estate. Code, § 2694.

The first ground upon which the motion to dismiss is made is, also, I think, well taken. It is claimed on the part of the petitioner that she filed her petition within one year after the recording of the decree admitting the will to probate, and this she insists is the date when the record of the probate proceeding was remitted from the court of common pleas (where that proceeding was had) to and filed in this court. The decree admitting the will to probate was actually entered and filed in the office of the clerk of the court of common pleas, more than a year before the filing of the petition; and I am of opinion that any proceeding for the revocation of such probate should have been initiated within one year thereafter, and it is conceded that this has not been done here. The motion to dismiss the proceeding is granted.