ALEXANDER'S ESTATE *v.* HATCHER *et al.*

(Division A.   Oct. 5, 1942.)

[9 So.   (2d) 791.   No. 35050.]

H. R. Stone, Sr., of Decatur, for appellant.

**Graham & Graham,** of Meridian, for appellee.

**McGehee, J.**, delivered the opinion of the court.

There was submitted to a jury the issue of whether or not the purported last will and testament of I. B. Alexander, deceased, was in fact executed by him, there being no issue of undue influence or mental incapacity involved. The instrument was printed throughout with a lead pencil, including the signature of the alleged testator, and was not attested by any subscribing witnesses thereto. It was probated in common form as a holographic will. The proof disclosed that the alleged testator could write within the ordinary meaning of that term, and while under the law "handwriting includes, generally, whatever the person has written with his' hand, and not merely his common and usual style of chirography" (Ballentine's Law Dictionary), it was a question for the jury as to whether the instrument here involved was in fact printed and signed by the hand of the said I. B. Alexander in view of the fact that its alleged execution occurred only in the presence of the sole beneficiary and his son-in-law under the unusual circumstances disclosed by the testimony, including the fact that it was printed by hand instead of being written, and that the alleged testator

was able to write, and was signed before a justice of the peace who was not sufficiently acquainted with the person who appeared before him for the acknowledgment to be able to identify him except to say that he was ''one of the Alexanders.'' This is true notwithstanding the testimony of the son-in-law who claims to have been present at all times when the instrument was printed and signed and whose testimony is not contradicted by any direct evidence. In finding that the instrument had not in fact been executed by the alleged testator the jury was evidently of the opinion that it was wholly unreasonable that a man should execute a will under such circumstances.

Certain proof offered by the contestants and an instruction based thereon which enabled the jury to consider the alleged unnaturalness of the will is also complained of on appeal and the case of Moore et al. v. Parks et al., 122 Miss. 301, 84 So. 230, is cited in support of the contention that the unnaturalness of a will cannot be considered by the jury except on an issue of testamentary capacity or undue influence. In that case the question of whether the instrument had been in fact signed was not in issue and under the facts and circumstances there involved the court did say that the unnaturalness of the will was only to be considered on the two issues thus involved, but the case is not authority for the contention that such proof is inadmissible where the fact as to whether an instrument has been signed by the alleged testator is in issue, and we see no good reason why proof tending to show the unnaturalness of a will should be held inadmissible where such an issue is submitted to the jury.

Affirmed.