DARBY v. ARRINGTON.

(Division B. Dec. 21, 1942.)

[11 So. (2d) 220. No. 35173.]

U. B. Parker, of Wiggins, for appellant.

Mize, Thompson & Mize, of Gulfport, for appellee.

Argued orally by **U. B. Parker,** for appellant, and by **Robert W. Thompson, Jr.,** for appellee.

Alexander, J., delivered the opinion of the court.

This action arose by a petition to set aside the will of Fanny Espy and the probate thereof and for other ancillary relief. The factual background for these proceedings is as follows: On the 22nd day of November, 1937, this testatrix executed her purported will by which she devised and bequeathed to her brother James H. Espy

all of her property for use and enjoyment during his life with remainder to appellee. The said James H. Espy had theretofore been adjudged non compos mentis. Testatrix died December 21, 1937. On December 27th, the will was offered for probate in solemn form, with process thereon issued and executed the same day upon the said James H. Espy, the only "interested person" then qualified to contest the will. Code 1930, sec. 1607. Inasmuch as the appellee was acting as guardian of the estate of said Espy, the guardian filed motion for the appointment of a guardian ad litem and R. C. Cowan was named by the court. Such appointment was decreed December 29th, and the temporary guardian filed answer on behalf of his ward requiring proof as to the admissibility of the will to probate. The date to which the process was returnable was January 3, 1938, in vacation. On this date, a decree was entered admitting the will to probate, which, after finding that proper process was duly issued thereon and executed, recited: "and the Court, after hearing the testimony of the subscribing and other witnesses, and after hearing all and singular the proofs and allegations adduced, preferred, and submitted, being now satisfied that said instrument is fully and legally established as the true and original last will and testament of the said Fanny Espy, deceased; and that the said Fanny Espy was on the day of the date of said will, that is to say, on the 22nd of November, 1937, of lawful age to devise and of sound disposing mind, memory, and understanding, and of right and in law entitled to make said will, and that she executed the same freely and voluntarily. It is thereupon Considered, Ordered, Adjudged and Decreed that the said instrument of writing be admitted to probate and recorded as the true and original last will and testament of the said Fanny Espy, deceased."

Appellee thereupon entered upon his duties as executor of the will and guardian of the said Espy. On January 3, 1940, exactly two years after the will was probated,

the petition to set the probate and will aside was filed. This petition was extended in its allegations of undue and improper influence exerted upon the testatrix and many irregularities were predicated upon an abuse of the relationship of confidence between appellee and the testatrix and upon the relationship of guardian and ward between appellee and the ward Espy. Answer was filed denying all of these charges. A general demurrer was also filed and was sustained. During the period while this issue was being heard and considered and before decree was entered dismissing the petition the ward died. No point was made of the death until after final decree on January 17, 1942. Thereupon motion was made by petitioners to set aside the decree and to allow the matter to be revived in the name of C. J. Darby as administrator of the deceased ward. On February 2, 1942, another decree was entered allowing such revivor "So that said C. J. Darby, Administrator, may join in the appeal hereinafter to be mentioned." The decree again sustained the demurrer to, and dismissed, the petition and sought to allow appeal. The appeal now before us is taken only by the said Darby as administrator.

The petition to avoid the will and its probate was brought by Mrs. Grace Hill Lochman and George C. H. Hill, alleged to be cousins of the said Espy, and persons who would inherit from him at his death if the will were set aside. The ward Espy, non compos mentis, was also sought to be made a party complainant by having him joined through Mrs. Lochman "as his next friend."

The allegations of the petition have provoked an elaborate diversity of factual and legal issues, and the briefs of counsel have followed these ramifications with painstaking thoroughness. It is necessary to respond only to two of these. Attack is made chiefly upon the regularity of the procedural steps leading to the admission of the will of Miss Fanny Espy to probate. This legal strategy is undoubtedly suggested by the imperiled position of petitioners who are confronted with the con-

clusive effect of a probate in solemn form under Code 1930, sec. 1607. The points of attack include the absence of a special order setting the hearing on the petition for probate for a day certain in vacation. It is contended that Chapter 143 of the Laws of 1932 require such order as a jurisdictional prerequisite. The pertinent portion of the statute is as follows: "in every matter or cause which the Chancellor, or the Chancery Clerk, is authorized by law to hear and decide in vacation, the summons for the defendant or other adverse party, or party in interest not joining in the bill or petition, unless otherwise expressly provided by law in such particular form or proceeding, may be made returnable at such time as the Chancellor or the Clerk, as the case may be, shall by special order direct; and in every such matter or cause the summons so directed by the Chancellor to be issued, shall require the appearance of the defendant or other adverse party, or party in interest not joining in the proceeding, at such place, within his district, as may be designated in such special order." It was held in Whitley v. Towle, 163 Miss. 418, 141 So. 571, 572, that no precedent order of the chancellor was necessary. This court said: "If the matter is desired to be heard by the chancellor at a time when his calendar discloses that he will be holding court in some other county in his district, the usual course is to communicate with him and have him set a place and a date, which he does in ordinary course by an oral communication to the solicitors or to the clerk. However, regardless of the manner in which the time and place of hearing is designated, if the chancellor be present at the time, and at the place in his district, specified in the summons and then and there proceed to the hearing, his action is the equivalent in every way of a previous designation by him of the time and place as specified in the summons."

Unless the Act of 1932 compels a procedure at variance with the practice recognized in Whitley v. Towle, appellant's position is not well taken. The opinion in this

case was delivered the day before the quoted Act was approved. The position that the Act was passed in response to the decision is untenable. We do not think the Act restricts a chancellor in the procedure for vacation hearings. Its purpose unquestionably is to enlarge his powers by making it possible for him to establish an orderly procedure for such hearings as well as to authorize a peremptory setting. Absence of a special precedent order is not jurisdictional and the effect of Whitley v. Towle is not diminished.

The most that could be effected by notice would be to gain jurisdiction over the parties. The court had statutory jurisdiction over the subject matter. Eldridge v. McMackin, 37 Miss. 72. See, also, Leach v. Shelby, 58 Miss. 681; Ex parte Neil, 90 Miss. 518, 43 So. 615. Our view is strengthened by that taken in Williamson v. Warren, 55 Miss. 199, where this court in construing a statute (sec. 1221, Rev. Code 1871) which required the court to appoint a day for a hearing of the petition in a guardianship matter and order summons to issue held that it was "satisfied in its spirit and true intent by the issuance of the proper summons by its clerk . . . and the subsequent approval and adoption of his act by the court in proceeding to hear and decree upon the application."

It is not necessary, therefore, to invoke Pollock v. Buie, 43 Miss. 140, which is opposed to appellant's contentions that the court sitting in probate matters is a court of special and limited jurisdiction, and that the guardian ad litem is without power to waive notice and citation. The provisions of Code 1930, sec. 398, would, if needed, lend assurance to our conclusion that the non compos mentis was adequately represented at the hearing for probate. See, also, Griffith's Chancery Practice, sec. 533; 25 Am. Jur. Guardian & Ward, sec. 155; Dana v. Zerkowsky, 192 Miss. 302, 5 So. (2d) 423. Nor can we assent to appellant's contention that the issue devisavit

vel non was required to be tried to a jury. Code 1930, sec. 1607; Wall v. Wall, 30 Miss. 91, 64 Am. Dec. 147.

. In view of this conclusion, it is unnecessary to inquire as to the rights of Mrs. Lochman and Mr. Hill as contingent heirs of Jas. H. Espy, since deceased, for the reason that they are not parties to this appeal. What, then, are the rights of the appellant C. J. Darby, Administrator of the estate of J. H. Espy? Whom does he represent? There is no question that he represents only the estate of the deceased, and since the record justifies the conclusion that there are no creditors of such estate, his only function is, as revealed by the decree of February 2, 1942, to allow him to prosecute this appeal. Yet, for whose benefit is he so acting? The original petitioners, precluded by the decree for probate because the proceedings validating the will of Fanny Espy involved the only persons then interested, are not such beneficiaries. 68 C. J., pp. 903, 928, 929; In re Hart's Estate, 105 Misc. 290, 172 N. Y. S. 807; In re Ruppaner's Will, 15 Misc. 654, 37 N. Y. S. 429; McDonald v. White, 130 Ill. 493, 22 N. E. 599; Gardner on Wills, p. 282; Cain v. Burger, 219 Ala. 10, 121 So. 17; In re Schmitt's Will, 175 Misc. 180, 22 N. Y. S. (2d) 954. So that in his naked right as administrator of the only "interested person," the administrator can not contest the will, which means of course that he may not prosecute this appeal. Cajoleas v. Attaya, 145 Miss. 436, 448, 111 So. 359, 58 A. L. R. 1457; Ex parte Liddon, 225 Ala. 683, 145 So. 144; 68 C. J. Wills, sec. 676; Love v. Wilson, 181 Okl. 558, 75 P. (2d) 876; In re Santini's Estate, 56 Nev. 350, 53 P. (2d) 338; Braeuel v. Reuther, 270 Mo. 603, 193 S. W. 283, L. R. A. 1918A, 444, annotations p. 473, Ann. Cas. 1918B, 533; 28 R. C. L. Wills, sec. 393. We need not consider the further effect of the decree of February 2, 1942, here appealed from, which, by appellee's cross-appeal, it is sought to set aside as being coram non judice. In both decrees upon the petition to annul the probate, the demurrer was sustained. It is immaterial therefore to the interests of

cross-appellant which decree is affirmed, and this question heretofore reserved (9 So. (2d) 791) is again pretermitted.

Affirmed.