430 So.2d 401 (1983)
David L. METTS
v.
STATE DEPARTMENT OF PUBLIC WELFARE.
No. 54065.
Supreme Court of Mississippi.
April 6, 1983.
Davey L. Tucker, Jackson, for appellant.
Sharon L. Shayeb, Jackson, for appellee.
Before BROOM, PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
This appeal challenges an order of filiation and child support secured by the Mississippi Department of Public Welfare and entered on default of the appellant, David L. Metts. Metts appeals from this order of the Chancery Court of the First Judicial District of Hinds County by assigning as error the (1) invalidity of the court order entered prior to a proper return date for *402 process, (2) the denial of his motion to vacate the court order during term time upon showing an adequate defense, (3) the selection of venue in a county other than his residence, and (4) his denial of a jury trial on the paternity issue.
The record reveals that Linda Price is the natural mother of Crystal Price, born March 7, 1981. Both are Hinds County residents. On September 9, 1981, Linda Price signed an affidavit with the Hinds County Department of Public Welfare [Department][1] alleging that David L. Metts was the natural father of her minor child born out of wedlock.
Based upon this affidavit, the Department, through its Hinds County Director, filed a complaint in the Hinds County Chancery Court on December 29, 1981,[2] against David L. Metts, a resident of Winston County. The complaint alleged that Metts was the natural father of Crystal Price and sought a court determination of paternity and child support.
On the same date of the filing of the complaint, the chancellor, in vacation time of the court, signed a fiat directing the issuance of process on Metts for a court hearing on this petition to be held on February 4, 1982, a date during the next upcoming term. The Hinds County Chancery Clerk properly issued process to the Winston County Sheriff to command Metts' appearance before the court at the appointed time and place for a hearing. In turn, process was personally served on Metts on January 9, 1982 by the Sheriff of Winston County.
On February 4, 1982, upon default of the defendant Metts to appear or plead, the chancery court entered its order of filiation and child support as requested in the complaint. However, the next day, Metts' attorney filed a motion to set aside the previous day's order.
The hearing on the motion to set aside the order was not heard immediately, but by order entered during the same term of court, the motion was set for hearing on March 10, 1982, being a date during the next regular term. On the date appointed for hearing, Metts filed another motion to set aside the previous order of filiation by alleging the additional grounds of incorrect venue and insufficiency of proof at the former hearing. Metts also filed an answer constituting a general denial of all allegations against him and propounded numerous interrogatories to the complainant.
Nonetheless, on March 10, 1982, the chancery court heard and dismissed the motions to set aside the February 4, 1982 order of filiation and support. Thereafter, alleging "supervening" facts, Metts filed another motion for rehearing of the filiation order. This motion alleged newly discovered information concerning the identity of two men with whom Linda Price had had intercourse within ten months prior to the birth of her child. But, this motion was also dismissed.
On April 8, 1982, Metts filed still another motion to vacate the February 4, 1982 judgment based on a "lack of process" upon him and a denial of a jury trial. This motion too was dismissed. The appeal to this Court was then taken.

I.
Addressing the first assigned error, concerning the question of when process should have been returnable, the Court recognizes that a defendant is entitled to a minimum specified time to answer in defense of an action. In a chancery suit of this nature, process must be executed at least five days before the defendant is required to answer. Miss. Code Ann. §§ 9-5-99, 13-3-13 (1972).
*403 In addition to the five day requirement, sections 13-3-13 and 9-5-99 provide other criteria for determining the earliest date for a return day. Section 13-3-13 provides that a summons may be made returnable, without a court order, to (1) the first day of the next regular term of court or (2) a monthly rules day in vacation.[3] As a third alternative, pursuant to section 9-5-99, a chancellor may by fiat set a date in term time or in vacation to which process may be made returnable.[4] In the instant case, the chancellor followed the procedure provided by section 9-5-99. Thus, the question presented is what is the earliest return date required under that statutory procedure.
The appellant here asserts that he personally received the summons on January 9, 1982, and that the next regular term of court began on January 11, 1982. As a result he contends that, since there was not a period of five days or more between the January 9 and 11 dates, the return date should have been set for the next regular term following the January 11 term. The date of that term began on February 22, 1982.
This reasoning overlooks the enlarged authority of the chancellor, acting in term time or in vacation, to set by order a return date for process in term time or vacation. Here, the chancellor did what was permitted by section 9-5-99. On December 29, 1981 he ordered that the return day for service on Metts, as well as the hearing, to be February 4, 1982. Since summons was personally served on Metts on January 9, Metts clearly had at least five days notice, and the case was triable on his default on February 4.[5] Moreover, to follow this interpretation advanced by the appellant would delay and hinder emergency matters routinely heard by chancery courts and would restrict rather than enlarge their powers to act in the earliest possible time frame. Therefore, we find no merit in this assignment and hold that there was proper process on Metts for the entry of the February 4, 1982 order. Metts was required to *404 answer no later than 9:00 a.m. on that date. Miss. Code Ann. § 9-5-101 (Supp. 1982).

II.
The next issue that we will consider involves the alleged error resulting from the lower court's refusal to set aside the default judgment entered against Metts even though service was properly executed. Metts contends that the judgment was a temporary order, rather than a final decree and that since his motion was made during the same term of court in which the order was entered, that the lower court erred in its refusal to sustain.

IIA.
Addressing first the contention that the order was temporary, we direct attention to Judge Griffith's treatise on Mississippi chancery practice, section 609, to determine whether the order was a final decree. It states:
A final decree is one which finally determines and settles the case on its complete merits  which neither omits nor reserves any of the material issues with respect to the merits  and leaves nothing remaining to be done, except those merely formal, or ministerial or executive subsequent orders or decrees necessary or proper to enforce the final decree. [V. Griffith, Mississippi Chancery Practice § 609 (2d ed. 1950)].
Using this test and applying its principles to the facts here, we conclude that the order entered on February 4, 1982 adjudicated all issues of paternity and support. No prayer of the complaint was left unaddressed; nothing was left undetermined. The decree was final.

IIB.
The question then arises as to whether a final decree should be vacated when a motion requesting that relief is filed on the next day after entry, within the same term of court, when counsel has a reasonable explanation for his tardiness. There is ample authority which supports the opening of judgment and proceeding to trial under certain circumstances.
In Southwestern Surety Ins. Co. v. Treadway, 113 Miss. 189, 74 So. 143 (1917), Justice Holden stated as follows:
Where there is a reasonable doubt as to whether or not a default judgment should be vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits.
... Each case must be determined upon its own facts; and when the motion is made promptly and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion. [113 Miss. at 199-200, 74 So. at 146].
And, in Tonkel v. Williams, 146 Miss. 842, 112 So. 368 (1927) this Court stated as follows:
However negligent and subject to criticism from the Court, where no possible harm could have come to the plaintiff by having a trial on the merits, the Court should not summarily deny a hearing simply because the defendant is caught unawares because of inadvertence or even willful neglect of an attorney where the case can be tried and disposed of in an ordinary way at that term of court. [146 Miss. at 846-47, 112 So. at 369].
The appellant's attorney had the mistaken idea that an answer was not required until a later date in February.[6] The pleadings assert an adequate defense; and no harm will result to the child who is receiving public support. But, substantial harm could be inflicted against the defendant despite the fact that he may have a valid defense. We believe that he should have the opportunity to prove that he was not responsible. All things considered, it is our conclusion that justice requires that the default judgment be set aside and the case *405 tried on its merits, especially due to the circumstances involved in this case.

III.
This appeal is resolved on the second assignment of error. On the remaining two issues of venue and of the right to a jury trial on the paternity issue, the record is unclear as to whether the lower court denied these requests on the merits of the issues or simply refused to vacate the February decree. This Court is hesitant to say that the lower court erred when the record does not reflect the basis for dismissing these motions.
However, this cause is being remanded for a trial and these two issues will be before the trial court on remand. Since these two remaining issues are assigned as errors, we will review the assignments to give direction to the lower court on retrial and to prevent a potential second appeal on the same issues.
Regarding the first issue, we apparently have a statutory conflict concerning venue. The Department charges in its complaint that this action is based on two statutory procedures, section 43-19-31 (child support unit procedure), and section 93-9-9 (bastardy procedure). Since this case involved an illegitimate child, it is apparent that the paternity of the child must be judicially determined before support for that child can be ordered.
The venue of a bastardy proceeding under section 93-9-9 is as follows:
An action under sections 93-9-1 to 93-9-49 may be brought in the county where the alleged father is present or has property; or in the county where the mother resides; or in the county where the child resides. However, if the father resides or is domiciled in this state, the action must be brought in the county where the father resides. [Miss. Code Ann. § 93-9-17 (1972)].
To the contrary, a child support unit action places proper venue under section 43-19-31 as follows:
... [I]n any county where the mother of the child resides or is found, in the county where the father resides or is found, or in the county where the child resides or is found; ... [Miss. Code Ann. § 43-19-31 (Supp. 1982)].
Thus, while section 93-9-17 states that venue must be in the county of the defendant's residence, section 43-19-31 provides only that venue may be in the county of the defendant's residence.
This state's policy in regard to conflicting statutes is to construe them in harmony with each other so as to give force and effect to each, as far as reasonably possible. Surles v. State ex rel. McNell, 357 So.2d 319 (Miss. 1978); Jackson County v. Meaut, 185 Miss. 235, 189 So. 819 (1939). In order to harmonize these two statutes, it would be preferable to recognize the specific mandatory venue requirement of section 93-9-17, since to recognize section 43-19-33 as the controlling statute would have the effect of eliminating the section 93-9-17 provision. Thus, when a party files a lawsuit based on these two statutes, compliance with section 93-9-17 is required.

IV.
For the same reasons, we also hold that the right to a jury trial on the issue of paternity, which is provided only by section 93-9-15, must also be afforded the defendant. Miss. Code Ann. § 93-9-15 (1972).
REVERSED AND REMANDED TO THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.
NOTES
[1] This procedure is necessary to secure financial aid to dependent children from the Department. By acceptance of public assistance for a child, the recipient is deemed to have made an assignment to the Department for child support as against any parent by virtue of Mississippi Code Annotated section 43-19-35 (1972).
[2] This suit was filed before the effective date of the new Mississippi Rules of Civil Procedure, which is January 1, 1982.
[3] Rule days are designated as the second Monday of every month in vacation. Miss. Code Ann. § 9-5-143 (1972).
[4] This enactment has been construed as a legislative attempt to enlarge a chancellor's powers by permitting him to establish an orderly procedure for vacation hearings as well as to authorize a peremptory setting. Darby v. Arrington, 194 Miss. 123, 11 So.2d 220 (1942).

Additionally, we recognized in Whitley v. Towle, 163 Miss. 418, 141 So. 571 (1932) that a precedent order by the chancellor was not necessary for establishing the court's jurisdiction in vacation time. The spirit and intent of the Whitley decision is much akin to that of the new Mississippi Rules of Civil Procedure. In Whitley, the Court's language stated:
If the matter is desired to be heard by the chancellor at a time when his calendar discloses that he will be holding court in some other county in his district, the usual course is to communicate with him and have him set a place and a date, which he does in ordinary course by an oral communication to the solicitors or to the clerk. However, regardless of the manner in which the time and place of hearing is designated, if the chancellor be present at the time, and at the place in his district, specified in the summons and then and there proceed to the hearing, his action is the equivalent in every way of a previous designation by him of the time and place as specified in the summons. [163 Miss. at 425, 141 So. at 572].
[5] In every matter or cause before the chancellor, or chancery clerk, in vacation, where the summons is made returnable as required by special order of the chancellor or the clerk, as the case may be, the defendant or other adverse party shall appear and answer or demur, after process duly executed, by or before the hour of 9:00 a.m. on the return day of such process, unless further time be granted; and in default thereof, the chancellor, or the clerk, as the case may be, may proceed to hear and decide such matter or cause; or may, by special order, continue and reset the same for hearing and decision, either in vacation or in term time, without further or other notice than such order entered on the clerk's vacation minutes. [Miss. Code Ann. § 9-5-101 (Supp. 1982)].

Provided, that in all matters wherein the chancellor has jurisdiction to act in vacation and a return date for process has been fixed as provided by sections 9-5-99 and 9-5-101, Mississippi Code of 1972, a cause shall be deemed triable, on its merits, on motion of any party, at any time after the due date of the answer or answers, either (1) in term time, or (2) in vacation upon a date to be fixed therefor by the chancellor by an order entered on the vacation minutes. [Miss. Code Ann. § 11-5-67 (1972)].
[6] Counsel mistakenly thought the new Mississippi Rules of Civil Procedure were in effect and that he had thirty days to answer.